## No. 6086.

### MISSOURI PACIFIC RAILWAY COMPANY v. T. R. CORNWALL.

1. OPINION ADHERED TO.—The opinion in Railroad Company v. Harris, 67 Texas, 166, to the effect that carriers of animals are common carriers, subject to the same responsibilities imposed by law on carriers of other property, except as this is modified by the inherent character of such property; that a special contract which by its terms purports to exempt a railway company from liability for injury in the transportation of cattle, except such as might result from the willful negligence of a railway company, can not be enforced, adhered to.

2. CHARGE OF COURT.—It is not error to refuse a charge which, though abstractly correct, would tend to eliminate from the consideration of the jury matters necessarily connected with its subject matter, and proper to be considered in determining the right to recover, when in the general charge already given the jury has been properly instructed.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

*Davis, Beall & Rogers,* for appellant.

*Ball & McCart,* for appellee.

WALKER, ASSOCIATE JUSTICE.—Cornwall sued the appellant for damages for negligence and delay in transporting ninety-nine beeves from Colorado, Texas, via Whitesboro, Muscogee, Sedalia and Hannibal, to Chicago. The plaintiff's case in pleadings and evidence was the refusal of the employes of the defendant company, at Whitesboro and at Sedalia, to allow the cattle to be watered. Both were regular feed stations, and at both the trains were late and the cattle suffering from heat and thirst, and request had been made at both places for facilities for watering the cattle. Delays were shown on the route; at times the trains with the cattle would be side tracked and halted in the sun. The heat was intense, and the cattle were fat. The loss was estimated by witnesses at one hundred pounds per head, and in price fifteen dollars each.

The defense relied upon a shipping contract signed by the parties, exempting the company from liability for delay in transportation, and making as a prerequisite to suit that a claim for damages, verified by affidavit, be made.

The charge of the court submitted the plaintiff's case, disregarded the contract as affecting the right to recover for negligence in the transportation, and held that the stipulation for notice before suit was not obligatory on plaintiff. Verdict and judgment for plaintiff for nine hundred and fifteen dollars.

The questions of law arising in the case as to the effect of the contract requiring notice, and for exemption from liability from negligence, have been settled by this court adversely to appellant since the trial of this case in the district court. (67 Texas, 166, Railroad Co. v. Harris.)

Complaint is made that the court refused a charge that "if any cattle were injured or had died from effects of being overheated on account of hot weather, then plaintiff could not recover for such loss."

The court had already charged that appellant would not be liable for loss in value necessarily incident to the transportation and not caused by want of care of the agents of defendant. It would seem that the heat with the want of water was a matter to be considered by the jury, and the charge asked might have been misleading; as it would be if understood as eliminating the condition of the weather in determining the question of the want of care on the part of defendant as to facilities for watering the cattle.

The verdict was not excessive under the testimony. The other assignments do not appear to be relied upon.

The judgment below is affirmed.

*Affirmed.*