## HOUSTON & T. C. RY. CO. et al. v. CLAYBROOK. (No. 182.)

(Court of Civil Appeals of Texas. Waco. March 12, 1925. Rehearing Denied April 16, 1925.)

**1. Justices of the peace ⇐174(8)—Amended pleading on appeal to district court held not to state new cause of action.**

Where in shipper's action for damage to cattle, pleading in justice court demanded "damages caused from cars furnished not being bedded," and on appeal to district court the pleading was amended to state "that car was not bedded and the floor became slick, and rough handling cattle were damaged" *held*, that amendment did not plead new cause of action prohibited by Vernon's Sayles' Ann. Civ. St. 1914, art. 759, but merely amplified cause of action pleaded in justices' court.

**2. Justices of the peace ⇐174(2½)—Pleading in action for damages to live stock held sufficient.**

Pleading, as amended in district court, in shipper's action for damages to cattle, alleging damages from shrinkage due from delay, damages from lack of bedding and rough handling, and for feed, *held* sufficient.

**3. Carriers ⇐230(10)—Instruction submitting issue whether cattle were injured from lack of bedding held proper.**

Carrier being prohibited by Rev. St. art. 708 from limiting liability, charge submitting issue whether cattle were injured by reason of car floor not being bedded was proper, over objections that shipper was required by shipping contract to inspect car and that he knew car was not bedded.

**4. Appeal and error ⇐1001(1)—Jury's findings not disturbed when supported by evidence.**

Jury's findings that cattle were not delivered by carrier within reasonable time, and that shrinkage in weight was caused by delay, are issues of fact which appellate court will not disturb; there being evidence to support the findings.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by J. H. Claybrook against the Houston & Texas Central Railway Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

A. P. McCormick, of Waco, and Bartlett & Dodson, of Marlin, for appellants.

Nat Llewellyn and Terry Dickens, both of Marlin, for appellee.

STANFORD, J. This case originated in the justice court, precinct No. 1, Falls county, and was brought by appellee, J. H. Claybrook, against the appellants, International & Great Northern Railway Company and Houston & Texas Central Railway Company. In the justice court appellee's pleadings were as follows:

"Plaintiff's demand being for the sum of $174.20, due as damages caused to shipment of cattle by plaintiff over defendants' railroads from Perry, Tex., to Fort Worth, Tex., on or about October 9, 1922; said damages being as follows: Shrinkage said cattle due to delay in shipment, $31.50; damage caused from cars furnished by defendants not being bedded, $139.70; feed at Fort Worth account of holding cattle over, $3.40; total, $174.20."

In the district court, to which the case was appealed after trial in the justice court, appellee pleaded the same grounds for recovery he had pleaded in the justice court, however, amplifying and making same more explicit, and also alleged the "rough handling of the cattle" as one of the causes of damage.

[1, 2] In their first and eleventh assignments, appellants contend that the court erred in refusing to sustain their special exception to plaintiff's pleading, as stated in the justice court, same does not state a cause of action, and a cause of action cannot be stated for the first time in the district court. In their second, third, and fourth assignments, appellants make the contention that no new cause of action can be pleaded for the first time in the county or district court on the trial of a case appealed from the justice court. We will consider the above assignments together. In the justice court appellee pleaded as follows: "Damage caused from the cars furnished by defendants not being bedded, $139.70." In the district court appellee pleaded "that the car was not bedded and

the floor became slick, and, on account of the floor becoming. slick, and the rough handling of the cattle, that they were damaged '$139.70." Article 759, Vernon's Sayles' Civil Statues, is as follows:

"Either party may plead any new matter in the county or district court which was not presented in the court below; but no new cause of action shall be set up by the plaintiff," etc.

What is a cause of action? As applied to this case, it is the wrong suffered by appellee on the one hand, and the breach of duty of the appellants on the other hand, in connection with the shipment of cattle involved in this case. In other words, it was the damage suffered to appellee's cattle by reason of negligent failure of performance of their duty on the part of appellants. The undue delay in transportation, the failure to bed the car, if it was their duty to bed it, and the rough handling of the cattle were only elements of the cause of action, or the grounds on which appellee's cause of action was based. The pleading of the rough handling, in the district court, was not pleading a new cause of action, but was only amplifying and pleading more fully the same cause of action plead in the justice court. McSpadden v. Eads (Tex. Civ. App.) 163 S. W. 634; Phœnix Lumber Co. v. Houston Water Works Co., 94 Tex. 456, 61 S. W. 707; Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139; Hufstutler v. Western Union Telegraph Co. (Tex. Civ. App.) 170 S. W. 1053; Scott & Co. v. Mann & Sons (Tex. Civ. App.) 190 S. W. 847. The pleadings of appellee, as amended in the district court, were sufficient, and the court was correct in overruling appellants' special exceptions. We overrule appellants' first, second, third, fourth, and eleventh assignments of error.

, [3] In their fifth and sixth assignments, appellants complain of the submission of special issue No. 2, wherein the jury is required to find whether or not the cattle were injured by reason of the car not being bedded, because there was a clause in the contract of shipment requiring the shipper to inspect the car and to satisfy himself that the car was sufficient and safe, and, further, because they contend appellee knew the car in which his cattle were shipped was not bedded, etc. We overrule the above assignments. Railway companies and other common carriers of goods, wares, and merchandise for hire within this state are prohibited by statute from restricting their liability as it exists at common law by any general or special notice, or by inserting exceptions in the bill of lading or memorandum given upon the receipt of the goods for transportation, or in any other manner whatever, and all such agreements are declared to be void. Article 708, Revised Statutes;

Pacific Express Co. v. Hertzberg, 17 Tex. Civ. App. 100, 42 S. W. 795; I. & G. 'N. Ry. Co. v. Parish, 18 Tex. Civ. App. 130, 43 S. W. 1066. The above statute applies to shipments of stock. Railway Co. v. Cornwall, 70 Tex. 611, 8 S. W. 312; M. P. R. R. Co. v. Fagan, 72 Tex. 127, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776; Texas Central Ry. Co. v. McCall (Tex. Civ. App.) 166 S. W. 925.

[4] Under their thirteenth and fourteenth assignments, appellants contend that the evidence was not sufficient to support the finding of the jury to the effect that said shipment was not transported and delivered in a reasonable time, and that the shrinkage in weight was a direct result of such delay in shipment or delivery by the International & Great 'Northern Railway Company. These two issues were issues of fact for the determination of the jury, and their finding on each of said issues being supported by the evidence, we have no authority to disturb such findings, and overrule appellants' thirteenth and fourteenth assignments.

Finding no error in the record, the judgment of the trial court is in all things affirmed.