## TEXAS PIPE LINE CO. v. HUDDLESTON.
### (No. 7371.)

(Court of Civil Appeals of Texas. San Antonio. May 27, 1925. Rehearing Denied June 13, 1925.)

1. **Appeal and error ⊕⊃1001(1)—Reviewing tribunal not trier of fact; jury's finding on question of fact sustained where supported by some evidence.**

Reviewing tribunal is not trier of fact, and where there is some evidence of material nature which supports jury's finding on question of fact, reviewing tribunal is without authority to disturb it.

2. **Justices of the peace ⊕⊃174(22)—Rules of pleading not strictly enforced in justice's court.**

Rules of pleading in justice's court case appealed to county court should not be so strictly enforced as they are in other cases.

Appeal from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by Dr. W. C. Huddleston against the Texas Pipe Line Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Harry P. Lawther, of Dallas, and Massingill & Belew, of Fort Worth, for appellant.

John S. Morris, and Gordon Gibson, both of Laredo, for appellee.

SMITH, J. The matter in controversy is a doctor's bill amounting to about $100, incurred in the year 1917. This is the second appeal growing out of the litigation. Huddleston v. Pipe Line Co. (Tex. Civ. App.) 230 S. W. 250.

An employee of the Pipe Line Company was badly scalded at the company's pumping station near the village of Newark, north of the city of Fort Worth. The company's engineer, in charge of the employees at the pumping station, called Dr. Huddleston, who responded, rendered first aid, took the injured man to the hotel in Newark, and cared for him until he had recovered. The doctor rendered a bill each in turn to the Texas Company, the Texas Employers' Insurance Association, and the Texas Pipe Line Company, each of whom declined payment of the bill as presented to it. Dr. Huddleston then brought this suit against the latter alone and recovered upon a jury verdict.

[1] The controlling question in the case is that of whether or not the company's engineer had authority to bind the company to an agreement to pay the doctor's bill. A jury found that the engineer did have such authority, and while it is probable that under the same evidence we would not have so found as an original proposition, yet, we are not the triers of the facts in the case, and since there was some evidence of a material nature

which supports that finding, we are without authority to disturb it.

[2] Appellant complains at length of the sufficiency of the pleadings to show Dr. Huddleston's authority under the present rather strict Medical Practice Act[1] to charge fees for his services. We have concluded, however, that as this was a justice's court case, appealed to the county court, the rules of pleading should not be so strictly enforced as they are in other cases, and that the pleadings in this cause were sufficient, even if they were not so under the rules applicable to cases originating in the county and district courts, which we do not decide.

The judgment is affirmed.

