## ONSTATT v. CRAIN.    (No. 121.)

(Court of Civil Appeals of Texas. Eastland. Feb. 26, 1926. Rehearing Denied April 2, 1926.)

**Appeal and error** ☞1002.

Verdict on conflicting evidence will not be disturbed, unless so clearly against preponderance of testimony as to shock conscience.

Appeal from Comanche County Court; R. A. Luker, Judge.

Action by B. R. Onstatt against G. B. Crain, wherein defendant filed a cross-action.

From a judgment for defendant on his cross-action on appeal from the justice court, plaintiff appeals. Affirmed.

Y. W. Holmes, of Comanche, for appellant.

Callaway & Callaway, of Comanche, for appellee.

LITTLER, J. Appellant sued appellee in justice court on a note for $135, with a credit of $80.41; said note being given in payment of certain farming implements, and the credit given on account of return of planter.

Appellee, Crain, set up a cross-action, claiming that in fall of 1923 he and appellant, Onstatt, formed a partnership to carry on a cotton business, and that, when they had their settlement, they did not take into consideration $217.35 which had been used out of profits to pay a note of that amount made by appellant Onstatt to Shear Company, wherefore he was entitled to judgment for half of said sum. Also that appellant Onstatt had sold $55 worth of loose cotton, to which appellee, Crain, claimed to be entitled to one-half, and asked for judgment therefor. Appellant, Onstatt, answered, alleging the said sum of $217.35 was included in the settlement, and that the loose cotton was no part of the partnership business.

The case was appealed to the county court and submitted to the jury upon the following special issues:

Special Issue No. 1: At the time defendant got the farm machinery and signed the note, was there an agreement by plaintiff that defendant need not pay the note and might turn the machinery back in full settlement? Answer yes or no. Answer: No.

Special Issue No. 2: Was the loose cotton sold included in the contract between B. R. Onstatt and G. B. Crain? Answer yes or no. Answer: Yes.

Special Issue No. 3: What amount, if any, is Onstatt indebted to Crain on the settlement of their cotton contract? Answer in dollars and cents. Answer: $133.56.

Acting upon the answers of the jury, the court rendered judgment in favor of defendant on his cross-action in the sum of $17.77.

There was much contradictory evidence, and the lines of dispute between the testimony of appellant and appellee were sharply drawn. However, the jury, in passing upon the facts, decided adversely to appellant's contention, and, while we might not have arrived at the same conclusion as the jury, yet we do not feel justified in disturbing their verdict.

The verdict of the jury finding either for the plaintiff or the defendant on conflicting testimony will not be disturbed on appeal, where there is evidence to support such verdict of the jury, unless it is so clearly against

───────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(282 S.W.)

the preponderance of the testimony as to shock the conscience.

We therefore conclude that the judgment of the trial court should be affirmed, and it is so ordered.