## HUGHES et al. v. MAYFIELD CO.
### (No. 9749.)

(Court of Civil Appeals of Texas. Dallas. Feb. 12, 1927.)

Appeal and error ⬅1002—Jury findings on special issues on conflicting evidence bind Court of Civil Appeals.

Court of Civil Appeals is bound by findings of jury on special issues on conflicting evidence.

Appeal from District Court, Henderson County; Ben F. Dent, Judge.

Suit by Mrs. J. Y. Hughes and husband against the Mayfield Company which brought a cross-action. From an adverse judgment, plaintiffs appeal. Affirmed.

Miller & Miller, of Athens, for appellants. Lasseter & Simpson, of Tyler, for appellee.

JONES, C. J. Appellant Mrs. J. Y. Hughes, joined by her husband A. G. Hughes, brought suit against appellee, the Mayfield Company, a corporation, in the district court of Henderson county, to cancel certain conveyances

that had been made of their homestead situated in the town of Fincastle, Henderson county, and also to cancel a certain note secured by a vendor's lien on this property, executed by Mrs. Hughes in favor of Mayfield Company, and indorsed by A. G. Hughes. From an adverse judgment, appellants have prosecuted this appeal.

On April 17th the appellants, by regular warranty deed, duly acknowledged, conveyed their said homestead to appellee for the recited consideration of $830.31 paid to them. On April 20, 1922, appellee, by regular warranty deed, conveyed this home to appellant Mrs. J. Y. Hughes for the recited consideration of $830.31, paid by the execution by Mrs. Hughes of a vendor's lien note in said sum. This note was indorsed by A. G. Hughes. These conveyances and this note are the instruments sought to be canceled by the suit.

Previous to the first conveyance, J. B. Hughes, son of appellant, had conducted a mercantile business at Fincastle, and had become insolvent; appellee being his main creditor. He was duly adjudged a bankrupt, and his stock of goods, of the value of $400 or $500, $200 worth of fixtures, and approximately $1,000 in notes and accounts, were purchased by appellee from the trustee in bankruptcy. Appellee on said date sold this stock of goods, fixtures, notes, and accounts to appellant A. G. Hughes for an agreed price of $830.31, and agreed to take a conveyance from appellants of their homestead as full consideration for said stock, fixtures, notes, and accounts, and the deed was accordingly executed. After this transaction was completed, appellant A. G. Hughes, on the 20th of April, 1922, agreed over the telephone, with a representative of appellee, to repurchase the place for the same consideration as the sales price, and to pay same by executing a vendor's lien note for the full amount, and requested appellee to execute the deed in the name of his wife, which was done. The proposition to repurchase came from A. G. Hughes.

Appellants' pleadings raise the issue of fraudulent representation made by a representative of appellee to Mrs. Hughes to secure her signature to the deed, and the effect of these allegations is that Mrs. Hughes was led to believe that the two conveyances were in pursuance of a purpose to create a lien on the homestead and not for its conveyance. She sought the cancellation of the instruments on this ground, and on the theory that, this being the homestead of the family, the lien thus attempted to be created was void, and all the instruments executed to effectuate this purpose were also void.

On the other hand, appellee's pleadings allege that both conveyances are bona fide, and deny that at the time of the conveyance to appellee the fact that another conveyance would be made was discussed, and, so far as its agent, who had the matter in hand, was concerned, was not thought of.

There was a sharp conflict in the evidence; that of Mrs. Hughes tending very strongly to sustain her contention, and she is reinforced by the circumstance that the second conveyance followed very closely upon the first. The evidence of the agents of appellee, who consummated these two transactions, is clear and explicit to the effect that the two transactions were bona fide and independent of each other, and they are reinforced by the circumstance that more than two years elapsed after default on the note, before there was any complaint of fraud. This matter of conflict was submitted for the determination of the jury in two special issues, and the findings on each was in favor of appellee. Under these findings the court entered judgment denying the relief appellant sought, and also entered judgment on appellee's cross-action for the amount of the note, together with foreclosure on the property of the vendor's lien. These findings of the jury, being supported by evidence, are binding on this court. Mansfield v. Rigsby (Tex. Civ. App.) 273 S. W. 290; Witherspoon v. Green (Tex. Civ. App.) 274 S. W. 170; Railway Co. v. Claybrook (Tex. Civ. App.) 271 S. W. 195. All assignments of error are overruled, and this cause is affirmed.

Affirmed.