LUZZI et al. v. PRIESTER. (No. 3399.)

Court of Civil Appeals of Texas. Texarkana.
May 12, 1927.

1. Physicians and surgeons ⊛⇒18(8)—Verdict for defendant, in malpractice suit, held supported by testimony on issue of violation of patient's instructions as to operation for fistula.

In malpractice suit, wherein only issue was whether plaintiff instructed defendant not to cut sphincter muscle, in operating for fistula, verdict for defendant *held* supported by his testimony that plaintiff gave him no such instruction.

2. Appeal and error ⊛⇒1002—Jury's finding on conflicting evidence will not be disturbed on appeal.

Jury's finding on' conflicting evidence, warranting finding either way, will not be disturbed by appellate court.

3. New trial ⊛⇒140(3)—Whether discussion of absence of evidence corroborating plaintiff is misconduct need not be determined, in absence of showing that jury engaged in such discussion (Rev. St. 1925, art. 2234).

Whether jury's discussion of failure of persons, who should be cognizant of facts, to take stand and corroborate plaintiff, would have been misconduct entitling plaintiff to new trial, need not be determined, where it was not shown, in way required by Rev. St. 1925, art. 2234, or otherwise, that jury engaged in such discussion.

4. New trial ⊛⇒106—Physician's testimony that both sphincter muscles were cut in fistula operation held not ground for new trial of malpractice suit, being merely contradictory of testimony that only one was cut.

. Physician's testimony that both of plaintiff's sphincter muscles were cut in performing operation for fistula *held* not to entitle her to new trial of malpractice suit on ground of newly discovered evidence; such testimony merely contradicting testimony during trial that only one of such muscles was cut.

5. New trial ⊛⇒106—Mere contradictory evidence is not "newly discovered."

Testimony, which is only contradictory of evidence heard at trial, is not "newly discovered" evidence warranting new trial.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Newly Discovered Evidence.]

6. New trial ⊛⇒108(1)—Newly discovered testimony, to warrant new trial, must be so material that it would probably produce different result.

To warrant new trial, newly discovered testimony must be so material that it would probably produce a different result on another trial. .

7. New trial ⊛⇒103—Physician's testimony that both sphincter muscles, not one only, as testified in malpractice suit, were cut in fistula operation, held not ground for new trial, being immaterial to issue whether plaintiff instructed defendant not to sever them.

Physician's testimony that both sphincter muscles, not one only, as testified in malpractice suit, were cut in performing operation for fistula, *held* not to entitle plaintiff to new trial on ground of newly discovered evidence, being immaterial to only controverted issue as to whether plaintiff instructed defendant not to sever such muscles.

Error from District Court, Harris County; W. E. Monteith, Judge.

Action by Mrs. Margaret Luzzi and husband against William G. Priester. Judgment for defendant, and plaintiffs bring error. Affirmed. ·

This was a suit by plaintiffs in error Margaret Luzzi and her husband, A. F. Luzzi, against defendant in error, William G. Priester, a practicing physician, for damages they claimed Mrs. Luzzi suffered as the result of an operation for fistula performed on her by Priester in August, 1923. In their petition plaintiffs in error alleged that in performing the operation defendant in error, in violation of instructions Mrs. Luzzi gave him not to do so, severed one or both the sphincter ani, thereby depriving her of power to control evacuation of her bowels. Other grounds for the recovery sought by plaintiffs in error set up in said petition need not be stated here, as no evidence was adduced in support of same. The issue, and only issue, made by the evidence (both parties agree), was the one the court submitted to the jury by a question as follows:

"Did Mrs. Margaret Luzzi, prior to having the operation for fistula, instruct the defendant, Dr. Priester, not to cut the sphincter muscle?"

The jury answered the question in the negative, whereupon the court rendered judgment, denying plaintiffs in error a recovery of anything against defendant in error, and in favor of the latter against the former for costs.

Hardway & Cathey and Mathis, Teague, Hawkins & Mathis, all of Houston, for plaintiffs in error.

Andrews, Streetman, Logue & Mobley, Baker, Botts, Parker & Garwood, W. L. Cook, Y. D. Mathes, and W. M. Streetman, all of Houston, for defendant in error.

WILLSON, C. J. (after stating the facts as above). [1] In support of their contention that the verdict was contrary to the evidence plaintiffs in error say the only issue at the trial, "so far as liability was concerned," was the one submitted to the jury, and then add:

"There was no evidence introduced in this case except the plaintiff's testimony and the defendant's, Dr. Priester's, testimony; she declaring under oath that she gave the defendant positive instructions not to sever the sphincter muscle; and he declaring under oath that she gave him no such instructions."

[2] It is obvious from the statement quoted (which is warranted by the record) that the verdict was not without evidence to support it, but, on the contrary, was supported by the testimony of defendant in error as a witness. According to the statement the evidence was conflicting and warranted a finding either that Mrs. Luzzi did or that she did not instruct defendant in error not to sever the muscle. It is settled that in such a case the finding of the jury will not be disturbed by an appellate court. Hughes v. Mayfield (Tex. Civ. App.) 291 S. W. 571; Moore v. Motor Co. (Tex. Civ. App.) 289 S. W. 696; Railway Co. v. Rooks (Tex. Com. App.) 292 S. W. 536; Onstatt v. Crain (Tex. Civ. App.) 282 S. W. 666.

[3] In support of their contention that the jury was guilty of misconduct entitling them to a new trial plaintiffs in error charge that in considering their verdict the jury "discussed (quoting) the fact that Mrs. Luzzi's husband or some member of her family who ought to be cognizant of the facts did not take the stand and corroborate her." Whether engaging in such a discussion would have been "misconduct" on the part of the jury or not need not be determined, for it was not shown in the way the statute (article 2234, R. S. 1925) required it to be, or in any other way, that the jury engaged in such a discussion.

[4-7] In support of their contention that they were entitled to a new trial because of "newly discovered testimony," plaintiffs in error assert that both defendant in error and the witness Dr. Denman testified that in the operation in question only one of the sphincter muscles was cut; whereas they assert, they have discovered since the trial was had that both said muscles were cut, and on another trial can prove the fact, they say, by the testimony of one Dr. Gantt, whose affidavit to that effect they attached to their motion for a new trial. The testimony of Dr. Gantt is newly discovered, plaintiffs in error say, in that it shows the testimony of witnesses who testified that only one of the sphincter ani was severed in the operation in question to have been untrue. Of course, it does not show that, but only contradicts the testimony of such witnesses. It is held that testimony which is only contradictory of evidence heard at a trial is not "newly discovered" within the rule invoked by plaintiffs in error. Moreover, to come within the rule the newly discovered testimony must appear to be "so material that it would

probably produce a different verdict on another trial." Railway Co. v. Turner (Tex. Civ. App.) 225 S. W. 383. The controverted issue in the case, as it was tried, was not as to whether the injury to Mrs. Luzzi was caused by the severance of one or both the sphincter ani, but was as to whether she instructed defendant in error not to sever the muscles or either of them or not. It is plain, we think, that the "newly discovered testimony" was not material to that issue and properly could not have influenced the jury in determining it.

Other contentions presented in the brief of plaintiffs in error when considered with reference to the record are not believed to be more meritorious than those discussed, and are overruled.

The judgment is affirmed.