**COMER et al. v. FARRELL et al.**

No. 11029.

Court of Civil Appeals of Texas. Dallas.
Feb. 27, 1932.

Rehearing Denied April 2, 1932.

See also (Tex. Civ. App.) 45 S.W.(2d) 432.

Ross M. Scott and John W. Pope, both of Dallas, for appellants.

Wm. M. Cramer and J. D. Kugle, both of Dallas, for appellees.

LOONEY, J.

L. B. Comer and W. V. Galbreath filed suit (cause No. 82107B on the trial docket)

against Hunter T. Farrell, Mrs. Mary Alice Farrell (divorced wife of Hunter T. Farrell), J. W. Vilbig, Jr., and R. W. Windrow, alleging in substance that, about April 11, 1917, appellants and appellee Hunter T. Farrell entered into a continuing verbal contract to engage in the gravel business in Dallas county, that is, to buy and own lands underlaid with gravel, Farrell to purchase, pay for, and take title to the land in his own name, and advance all moneys necessary for development purposes, including facilities for marketing; that the land being isolated, it was necessary to obtain switch or spur track connection with the Texas & Pacific Railroad, and as appellants were in that line of business and on intimate terms with the officials of said railroad company, they agreed to procure the necessary connection; accordingly, Farrell purchased and paid for the land, took title in his name, to be held in trust for the benefit of himself and appellants in equal proportions, and according to agreement they procured right of way, roadbed, ties, rails, bridges, for the switch or spur track connection with the Texas & Pacific Railroad, which was constructed and has since been operated and used to transport gravel from said lands; that it was agreed Farrell should be reimbursed for all moneys paid by him for land, transportation facilities, and other development purposes, from profits derived from marketing gravel; that plaintiffs fully complied with their obligations, under the arrangement, and at all times were ready and willing to continue performance thereunder, but by reason of facts alleged (not necessary to be repeated here) Farrell rendered further performance on their part after October, 1928, impossible; and that Farrell had derived $300,000 profits from the operation of such business, two-thirds of which appellants alleged belonged to them.

Mrs. Farrell was brought in as a defendant, on allegations to the effect that she and her husband were divorced in 1929, and in the proceedings the court decreed her one-half interest in said gravel lands and business in which appellants claimed a two-thirds interest; that Windrow and Vilbig were made defendants on allegations to the effect that, after the divorce proceedings, Hunter T. Farrell sold and conveyed to these parties the remaining half interest in said lands and business for a consideration of $323,500, $50,000 of which was paid in cash, and the remainder, $273,500, was still due and owing Farrell, two-thirds of which appellants claimed belonged to them. They sought and obtained a temporary writ, restraining Windrow and Vilbig from paying the balance due Farrell ($273,500) until final termination of the suit, and prayed that on final hearing they be vested with a two-thirds interest in said land and properties,

but if denied this relief, that they recover two-thirds of the value of said properties, to wit, $681,334.

After the institution of the above-mentioned suit, J. W. Vilbig, Jr., filed suit in the district court of Dallas county (being docket No. 83247B), interpleading Hunter T. Farrell, George K. Meyers, W. V. Galbreath, and L. B. Comer (the last two are plaintiffs in cause No. 82107B), alleging in substance that on August 29, 1929, he purchased from Hunter T. Farrell an undivided half interest in the land and business in question, for a total consideration of $323,000, paid $50,000 in cash and executed a note payable to Farrell for $273,000, bearing 6 per cent. interest per annum from date, secured by vendor's and deed of trust liens on said properties; that on its maturity, November 27, 1929, the principal and interest of the note amounted to the sum of $277,135.50, which he was ready, able, and willing to pay, but did not know to whom to pay, in that George K. Meyers asserted a claim to the money and a lien upon the properties; that Comer and Galbreath (as shown by their suit, cause No. 82107B) asserted title to a two-thirds interest in the land and business purchased from Farrell and claimed the right to receive the whole or a part of said fund, and that complainant had been temporarily enjoined at the suit of Comer and Galbreath, from paying the note to Farrell, that he could not pay the note to either claimant without great hazard to himself, therefore made tender of the amount due on the note, and prayed that the different claimants be cited, that the court adjudicate to whom the fund belonged, that complainant be discharged from further liability on the note, and that the land and properties be released from the liens and all claims asserted by either claimant. Complainant alleged, further, that he was compelled to and did employ attorneys to file and give proper attention to the interpleader suit, and agreed to pay a reasonable fee for their services, which he alleged to be 5 per cent. of the amount involved, for which he prayed an allowance. The interpleader suit was tried and finally disposed of on January 30, 1930, by judgment, in substance as follows: On disclaimer by George K. Meyers, the suit as to him was dismissed, and findings to the effect that Hunter T. Farrell claimed the entire fund, and that Galbreath and Comer were making a similar claim, the court found that complainant had reasonable grounds for seeking equitable relief, therefore ordered and decreed that, upon payment of the amount due upon said note into court, by depositing it in the bank designated by the court as depositary, he be discharged from further liability on the note and that said properties be released and discharged from the claims of either Farrell or Comer and Galbreath; that $4,000 be allowed Vilbig

as attorney's fee, and that the amount of said fee and court costs be deducted and paid from the fund (which was done), and the remainder. as ordered by court, was deposited and is now on deposit in the First National Bank in Dallas, subject to such future orders as may be in cause No. 82107B. No exception was taken to this judgment, and thereafter, on May 5, 1930, on motion, the two causes designated by docket numbers were consolidated, and the litigation proceeded under docket No. 82107B.

Hunter T. Farrell filed his second amended answer and cross-action, answering the suit of Comer and Galbreath, by plea in abatement (based on res adjudicata), a general denial, statute of frauds, statute of limitations, res adjudicata in bar, and as an estoppel and a cross-action against Mrs. Farrell, not necessary to be considered in this connection.

The case was submitted to a jury on special issues, and their answer to issue No. 1 being in the negative, to the effect that appellants and Hunter T. Farrell had not made a verbal contract to purchase gravel land for the purpose of mining gravel, etc., as contended, the jury, as directed by the court, did not answer the other issue submitted. This vital issue, upon which all others were dependent, having been determined against appellants, the court rendered judgment accordingly—that is, in favor of Hunter T. Farrell and Mary Alice Farrell (appellants having dismissed as to J. W. Vilbig, Jr., R. J. Windrow, and George K. Mcyers)—finding that appellants had no interest in the fund in controversy, that same belonged to Hunter T. Farrell; therefore, adjudged that plaintiffs take nothing by their suit, that the fund in the registry of court remain on deposit in bank, pending final judgment in the appellate court, in the event of an appeal.

By appropriate assignments and propositions, appellants challenge the sufficiency of the evidence to sustain the finding of the jury; also contend that the preponderance of the evidence is against such finding, hence the judgment below should be set aside and the cause remanded for further proceedings.

■■ These contentions invite the court to review the evidence, compose the conflicts therein, and in other respects to usurp the functions of the jury; this we are not at liberty to do. The evidence, pro and con, on the issue as to whether or not appellants and Hunter T. Farrell entered into the verbal contract upon which this suit was based, is conflicting; the jury could with propriety have found the issue in favor of either party; but having found for appellees on evidence sufficient to sustain the finding, we cannot disturb the verdict, but adopt their finding as the conclusion of this court on the issue. The doctrine is fundamental that the verdict of a jury based upon conflicting evidence, as in the instant case, is conclusive and should not be disturbed by an appellate court; hence, in view of this thoroughly well-settled doctrine, argument to the contrary is futile. A few of the numerous cases in point from our appellate courts are: Hughes v. Mayfield Co. (Tex. Civ. App.) 291 S. W. 571; El Paso, etc., Co. v. Whitenack (Tex. Com. App.) 1 S.W.(2d) 594; T. & N. O. Ry. Co. v. Rooks (Tex. Com. App.) 292 S. W. 536; Texas, etc., Co. v. Huddleston (Tex. Civ. App.) 274 S. W. 168; Onstatt v. Crain (Tex. Civ. App.) 282 S. W. 666; Luzzi v. Priester (Tex. Civ. App.) 295 S. W. 958; Columbia, etc., Co. v. Ray (Tex. Civ. App.) 5 S.W.(2d) 230; Parks v. M., K. & T. R. Co. (Tex. Civ. App.) 19 S.W.(2d) 373. We therefore overrule all assignments and propositions involved in this connection.

One ground of appellants' motion for a new trial is based upon the alleged misconduct of one juror, and further that three jurors, during an intermission in the trial, overheard a conversation between two men discussing and expressing opinions as to the merits of the case, adverse to the interest of plaintiffs.

■■ Without reviewing the evidence, as it is quite lengthy, we simply state our conclusion, to the effect that the evidence offered by appellants on the motion tends to show misconduct on the part of one juror, and suggests the probability that three jurors, during an intermission in the trial, while seated together, overheard a conversation between two men standing near them, discussing the merits of the case and expressing opinions adverse to the interest of appellants. The evidence failed to show that the two men, whose names were disclosed, had any interest in or connection with the case, and as the testimony introduced by appellants in support of the motion was categorically denied by the jurors and other parties involved, the trial court was justified in overruling the motion; and as no finding of fact was made, the presumption must be indulged that the court found against the existence of the facts upon which the motion was based. In situations such as presented here, it has been repeatedly held that appellate courts are bound by the decisions of trial courts. See the following recent cases in point: St. Louis, etc., Co. v. Cole (Tex. Com. App.) 14 S.W.(2d) 1024; Smith-Boyett Co. v. Adams (Tex. Civ. App.) 16 S. W.(2d) 925; Parks v. M., K. & T. Ry. Co. (Tex. Civ. App.) 19 S.W.(2d) 373; City of Waco v. Darnell (Tex. Civ. App.) 20 S.W. (2d) 409. We therefore overrule all assignments and propositions involved in this connection.

■ It is further insisted that the court erred in taxing, as costs in this suit, the fee of $4,000 allowed Vilbig as compensation for.

the services of his attorneys in the interpleader suit, because the tender by Vilbig of the money was not such as would authorize the court to tax the fee as a part of the costs of this suit. This objection, in our opinion, is not well taken; the tender was absolute and unconditional, the money was paid into the registry of court, and was by its order deposited in the First National Bank, to await the final termination of the litigation. The assumption by appellants that the attorneys' fee allowed and costs incurred in the interpleader suit were taxed as costs in this case is incorrect, these items having in the first instance been paid from the fund in controversy, and the fund having been recovered by Farrell in this suit as an incident to such recovery, the court gave him judgment against appellants for the amount of the items. All this appears from the following excerpt from the judgment rendered:

"And it further appearing unto the court that in said interpleader suit as shown by the final judgment therein duly recorded in the minutes of this court, Vol. D page 377, that out of said money in the registry of the court there was paid the sum of Four Thousand ($4,000) Dollars Attorneys' fees to W. L. Crawford and Wallace, Taylor & Vickrey, attorneys for plaintiff in such interpleader suit, together with $34.05 Court costs to date of such judgment.

"And it further appearing unto the court that in said judgment in the interpleader suit it was provided that as between the plaintiffs, L. B. Comer and W. V. Galbreath and H. T. Farrell as to who should be liable for such costs should await the final disposition of the causes of action between them.

"And it further appearing unto the court that the interpleader suit of J. W. Vilbig, Jr. v. H. T. Farrell et al., was consolidated by order and judgment of this court with this cause of action, No. 82107B, L. B. Comer et al. v. H. T. Farrell.

"And it appearing to the court that, under judgment rendered herein that H. T. Farrell is and was entitled to the proceeds of said note and interest thereon, towit, the Two Hundred Seventy-Seven Thousand and Thirty Nine Dollars and Twenty Cents ($277,039.20) and that plaintiffs, L. B. Comer and W. V. Galbreath have and had no interest in said sum deposited in the registry of the court.

"It is therefore ordered, adjudged and decreed by the court that the said H. T. Farrell do have and recover of and from the said L. B. Comer and W. V. Galbreath, jointly and severally, the sum of $4,034.05 being the amount of attorneys' fees and costs paid out of said sum in the interpleader suit, for which he may have his execution."

The reason upon which appellants bottomed their objection to the action of the court in making the allowance in favor of Vilbig for costs and attorneys' fee, narrows the question so as to render it doubtful whether we are called upon to review the action of the court in other respects; however, we will give the assignment a meaning sufficiently broad to present all questions, whether of law or fact, that could be urged. In the status of the record, no question as to the excessiveness of the fee could be raised, as the order allowing the fee was a part of the judgment rendered in the interpleader suit, which was not excepted to nor appealed from, hence is final. So the only question that can be raised at this juncture goes to the authority of the court, in the situation presented, to render judgment in favor of Farrell, the successful claimant, against appellants for the amount of the court costs and attorneys' fee incident to the interpleader suit. The prevailing doctrine throughout the country is that where the equitable remedy of interpleader is sought in good faith and authorized by the facts, as found by the court in the instant case, costs and a reasonable attorney's fee may be allowed, to be deducted or taken, in the first instance, out of the property or fund in controversy, but in the end will be adjudged against the unsuccessful claimant, whose contention with reference to the property or fund in controversy rendered it necessary for the complainant to invoke the remedy of interpleader. The following cases are in point on the general doctrine just announced: Sovereign Camp v. Wood, 100 Mo. App. 655, 75 S. W. 377; Sovereign Camp. v. Broadwell, 114 Mo. App. 471, 89 S. W. 891; Morgan v. Perkins, 94 Ga. 353, 21 S. E. 574; McNamara v. Provident, etc., Soc. (C. C. A.) 114 F. 910; Pettus v. Hendricks, 113 Va. 326, 74 S. E. 191; Swiger v. Hayman, 56 W. Va. 123, 48 S. E. 839, 107 Am. St. Rep. 899; 14 Standard Enc. of Pro. pp. 220–223, and authorities collated. The following cases from our own courts are in point on the authority of the trial court in such cases to allow the complainant a reasonable attorneys' fee: Nixon v. New York, etc., Co., 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Bolin v. St. Louis, etc., Co. (Tex. Civ. App.) 61 S. W. 444; Nixon v. Malone (Tex. Civ. App.) 95 S. W. 577; McCormick v. National Bank (Tex. Civ. App.) 106 S. W. 747; Beilharz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 106; Wright v. Grand Lodge (Tex. Civ. App.) 173 S. W. 270.

After carefully considering all assignments and propositions urged for reversal, and finding no reversible error, the judgment of the court below is affirmed.

Affirmed.