**CONNER v. FLOYD.**

**No. 11977.**

Court of Civil Appeals of Texas. Dallas.

May 9, 1936.

Rehearing Denied June 20, 1936.

B. W. Ashworth and W. H. Hall, both of Dallas, for appellant.

John W. West, of Dallas, for appellee.

JONES, Chief Justice.

This is an appeal from the judgment of a district court of Dallas county, denying probate of the alleged will of J. A. Curry, deceased. The probate court of Dallas county had ordered the probate of the will, on application of Mrs. Pearl Em-

184

ma Conner, appellant herein, named as independent executrix in the purported will, over the contest of Mrs. Lillian Curry Floyd, joined pro forma by her husband, Frank Floyd. An appeal was duly perfected to this court. Mrs. Floyd will be designated as appellee herein. The following are the necessary facts:

Appellant is the daughter of deceased, J. A. Curry, and appellee is the daughter of his deceased son. The primary question involved on this appeal is whether the verdict of the jury that deceased, J. A. Curry, at the time of the execution of the purported will, did not possess testamentary capacity, is supported by evidence. This is the only issue submitted to the jury. In submitting the question of testamentary capacity, the court clearly and succinctly defined the term "testamentary capacity." The purported will was executed in the form and manner required by law, and no question is raised in respect to this matter.

At the time of the execution of the will, J. A. Curry is shown to have been approximately 77 years of age and suffering from a disease which caused his death about 52 days thereafter. The purported will made an unequal division of the property between his living children, giving to appellant the major portion of the estate. Appellee was not given anything.

The undisputed evidence shows that, on or about February 20, 1934, deceased was stricken with a fatal disease and was under medical care at the home of appellant, to which place he had been removed from his personal residence, or at the hospital where he was taken on April 9, 1934; at the hospital he was not attended by the same physician who theretofore had attended him, and the record is silent as to what physician gave him medical attention at the hospital. The purported will was executed March 2, 1934, while deceased was confined to his bed at the home of appellant, a daughter. There is evidence by the attending physician, who does not qualify as an expert on mental diseases, and by the two witnesses of the will, that on the day the will was executed, the deceased was of sound mind, and possessed the necessary mental capacity to execute the will. There is also evidence by other witnesses, who saw deceased shortly before and shortly after the will was executed, that indicated he possessed on such date the necessary mental capacity.

There is evidence of the nurse who, according to her testimony was with deceased on the day the will was executed, to the effect that he was of unsound mind, not only at that time, but at times just previous to the day of the making of the will, and following the making of the will, and the actions and conduct of deceased, given by the witness, as a basis for her opinion, clearly shows he was of unsound mind at such time and did not possess the mental capacity to execute a will. There is the further evidence of a son-in-law who saw him on the day of the execution of the will and had seen him on days just previous and subsequent to the execution of the will, and up to his death, clearly tending to show that during such period he was of unsound mind.

At the close of the testimony, appellant moved the court for peremptory instruction in her favor. This motion was refused and error is duly assigned because of such refusal. Appellant objected to the submission of the issue of "testamentary capacity" to the jury, on the ground that the evidence was not sufficient to raise the issue of deceased's mental incapacity. These objections were overruled, and appellant has duly assigned error thereon.

After the return of the verdict, appellant moved for judgment non obstante veredicto, on the ground that the finding of the jury was not sustained by evidence. This motion was likewise denied by the court, and the usual judgment denying probate of a will was entered by the trial court.

From the statement of the evidence above given, it clearly appears that the issue as to the mental capacity of deceased to execute the will at the time it was executed was in sharp conflict. It was the function of the jury to compose this conflict in the evidence, and not the function of this court. The jury having made its finding on this conflicting evidence, to the effect that deceased, J. A. Curry, at the time he executed the purported will, did not possess testamentary capacity, and such finding being supported by substantial evidence, it is binding on this court, and, in response to such finding, this court finds that the deceas-

ed did not have the mental capacity sufficient to execute the will in question.

The law, applying to the finding of a jury on conflicting evidence, is clearly stated by Mr. Justice Looney of this court, in the case of Comer v. Farrell et al., 48 S.W.(2d) 452, 454: "The doctrine is fundamental that the verdict of a jury based upon conflicting evidence, as in the instant case, is conclusive and should not be disturbed by an appellate court; hence, in view of this thoroughly well-settled doctrine, argument to the contrary is futile. A few of the numerous cases in point from our appellate courts are: Hughes v. Mayfield Co. (Tex.Civ.App.) 291 S.W. 571; El Paso Electric Co. v. Whitenack (Tex.Com.App.) 1 S.W.(2d) 594; Texas & N. O. Ry. Co. v. Rooks (Tex.Com.App.) 292 S.W. 536; Texas Pipe Line Co. v. Huddleston (Tex. Civ.App.) 274 S.W. 168; Onstatt v. Crain (Tex.Civ.App.) 282 S.W. 666; Luzzi v. Priester (Tex.Civ.App.) 295 S.W. 958; Columbia Cas. Co. v. Ray (Tex.Civ.App.) 5 S.W.(2d) 230; Parks v. M. K. & T. R. Co. (Tex.Civ.App.) 19 S.W.(2d) 373." All assignments of error in this respect are overruled.

Appellant complains of the following argument, alleged to have been made to the jury by opposing counsel: "Gentlemen of the jury, you know the testator, Mr. Curry was crazy and of unsound mind because, in this will, he gave the proponent, Pearl Emma Conner, almost all the property."

On the motion for a new trial, the attorney alleged to have made this argument was introduced by appellant as a witness as to this argument and stated that he had no recollection of making such argument; whereupon, the attorney for appellant testified that such argument was made, and that objection was made to the court, and that the court observed that the attorney could argue what is in the will. This assignment of error cannot be considered, for the reason that no formal bill of exception was reserved, and the court does not certify to the alleged happening.

Complaint is also made upon alleged misconduct of the jury. There was a full hearing before the trial court on the matters claimed as misconduct, in which the record of such hearing shows that the subject-matter of this claim is in dispute. Two of the jurors testified to what appellant claims was misconduct. This testimony, in every material part, is denied by virtually all of the other jurors. It was a disputed issue of fact, therefore, for the trial court to determine, and the trial court having determined such disputed fact against appellant, this court has no power to intervene and substitute a finding contrary to that of the trial court. All assignments of error in respect to this issue are overruled.

It necessarily follows from what has been said, that the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.