### NEW AMSTERDAM CASUALTY CO. v. HARRINGTON.   (No. 2662.)

(Court of Civil Appeals of Texas. Amarillo. April 14, 1926. Rehearing Denied May 5, 1926.)

**1. Appeal and error ⬅➡766—Appellate court may consider brief without index.**

As motion to permit filing of brief with proper index will be sustained, if brief without index were stricken, appellate court may consider such brief.

**2. Master and servant ⬅➡405(2) — Evidence held to show compensation claimant was employee of individual, not of partnership.**

In suit to set aside award of compensation against individual employer, to whom insurance policy was issued by plaintiff, evidence *held* to show that employee was in employ of insured and not of partnership of which he was member.

**3. Appeal and error ⬅➡1001(1).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1986, appellate court cannot ignore or set aside jury's finding supported by evidence.

**4. Mines and minerals ⬅➡99(3)—One employed by member of mining partnership, without express concurrence of copartners, was employee of such member, to whom compensation insurance policy was issued, and not of firm.**

Partnership to drill for oil or gas being mining partnership alone, one employed by member thereof without express concurrence of copartners was not employed by firm, so as to warrant setting aside award of compensation against such member at suit of insurer issuing policy to him, he having no authority to bind partners by contract of employment.

**5. Master and servant ⬅➡417(5)—Employee may testify, on appeal from award of Industrial Accident Board, as to injuries not presented to board.**

Trial on appeal from award of Industrial Accident Board by suit initiated in district court being de novo, employee could testify to injuries which then appeared to have been done him by same accident, though not presented to board, such injuries not being new cause of action.

**6. Master and servant ⬅➡405(6) — Evidence held to warrant jury's finding of employment at wages justifying judgment for $20 per week for 401 weeks (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82).**

Evidence *held* to justify jury's finding that employee was employed during substantially whole of year preceding his injury at from $9 to $18 per day, so that judgment for $20 per week for 401 weeks was not excessive, in view of Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Suit by the New Amsterdam Casualty Company to set aside an award of the Industrial Accident Board under the Workmen's Compensation Act in favor of Charles F. Harrington, employee, against F. L. Gragg, employer. From a judgment for employee, plaintiff appeals. Affirmed.

Taylor, Muse & Taylor, of Wichita Falls, and Senter & Strong, of Dallas, for appellant.

Davenport & Crain, of Wichita Falls, and W. L. Scott, of Olney, for appellee.

RANDOLPH, J. Appellant instituted this suit in the district court of Wichita county to set aside an award of the Industrial Accident Board of Texas in the case of C. F. Harrington, Employee, v. F. L. Gragg, Employer, in the sum of $360 cash, and further compensation at the rate of $20 per week for 132 weeks.

Appellee excepts to the brief filed by appellant because: (1) No authorities are cited or quoted from in the brief; (2) there is no index to the brief; (3) the brief is not shown to have been filed in the lower court, and, in fact, was not there filed, and is not accompanied by any agreement or waiver of appellee waiving the requirements with reference to the filing of same.

There is on file, duly signed by counsel for both parties hereto, a waiver of the filing of briefs in the trial court, and an agreement that such briefs may be filed in the Court of Civil Appeals at any time not later than 60 days prior to the date of submission of the cause. Appellant's briefs were filed in the Court of Civil Appeals at Fort Worth on January 6, 1926, and in this court on January

27, 1926. This agreement appears to have been overlooked by appellee's counsel.

It may be that appellant's counsel regarded the questions presented on this appeal as elementary, or, it may be, that as to the controlling questions presented, they were regarded as being of first impression, hence no authorities are cited or quoted from. But within the knowledge of the writer, it has never occurred before that a typewritten brief of 75 pages has been filed in a cause and no authorities cited therein to support a single proposition.

[1] As to the want of an index: If we should strike the brief, and, later, a brief should be presented with a proper index, we would sustain a motion to let it be filed. Hence we prefer to consider the brief as filed.

The grounds set up by appellant for setting aside the award of the Industrial Accident Board are as follows: Because, under the facts relating to said claim, appellee has no lawful claim for damages against appellant, and because such award, in favor of appellee against appellant was excessive. The case was submitted to a jury upon special issues, and, on the answers of the jury, the trial court rendered judgment for appellee for the sum of $20 per week for 401 weeks, less the amount received by appellee from appellant, being the net sum in favor of appellee in the amount of $6,494.40, divided as follows, to appellee, $4,870, to his attorney, $1,623.60, and decreeing that same be paid in a lump sum, with 6 per cent. interest from date of judgment. From this judgment appeal has been taken to this court.

Appellant's first proposition is based on alleged error of the trial court in refusing to instruct a verdict for it because: (a) The case presented in the evidence by the appellee did not correspond in material particulars with the case presented by him to the Industrial Accident Board; and (b) that the undisputed evidence showed that the appellee was at work at the time of his injury for a partnership composed of ten or twelve persons, and the policy of the insurance company was issued to L. F. Gragg and excluded by its terms insurance in favor of any other person or persons.

[2] This proposition and the subdivisions thereof bring before us the question that, as the policy was issued to Gragg and the proof shows that the appellee was not working for Gragg individually, but for the partnership composed of Butler, Gragg, Lynch, and others, such policy was not collectable, because it was limited to employees of Gragg and excluded the employees of the firm.

The policy was issued to Gragg as an individual, and showed his place of business on the "S. M. Benson lease five miles east of Olney, Tex." The Industrial Accident Board's award was made upon the basis of appellee's employment by Gragg; the notice of the injury given to the board by appellee recites that he was in the employ of Butler, Gragg & Lynch. Dr. Gragg testified that he, Butler, Lynch, and eight or ten other persons composed a partnership which operated the lease and well upon which appellee was working at the time of the injury. There is no pleading setting up the partnership between Gragg, Butler, and others. The presentation of the question of other parties being the employers of appellee is made by appellant in its petition, wherein it specially denies that it ever issued a workman's compensation policy to any person or persons by whom appellee was employed.

Dr. Gragg, in his testimony, states that he, Butler, and others were partners in the operation of the lease and the drilling of the well. The question here is, not whether Gragg, Butler, Lynch and others were partners, but, was appellee working for Gragg, the individual, or for a partnership? The partnership entity was one person, and Gragg was another and separate personality. If it is true, as contended by appellant, that appellee was working for the partnership, then, of course, he was not in the employ of Gragg individually. We will now discuss the evidence bearing on this question.

The statement made by us in part, above, as to the notice of injury, the claim to, and the award of the board, is here reiterated, and the following additional statement made. The appellee appeared to be confused upon this issue as early, even, as the time of the filing of his notice of injury. In that instrument he charges that he was working for Butler, Gragg & Lynch. When on the stand he testified:

"I stated awhile ago that I was working for Dr. Gragg at the time of the injury. I am not mistaken in that. Dr. Gragg was the one that hired me; I was supposed to be working for him. I couldn't say who owned the drilling rig and lease where the drilling was being done. I don't know anything about that. It is not a fact that I knew I was working for Butler, Gragg & Lynch. I knew I was working for Dr. Gragg, because he hired me. When I gave my oral deposition in Wichita Falls on the 23d of this month, I stated that, but I found out after I got my hand broke it was Butler, Gragg & Lynch. When my deposition was taken last week I don't remember saying I was working for Butler, Gragg & Lynch, I learned that after the injury. Dr. Gragg told me he owned the lease when the well was being drilled some time back. It was some time right after I got hurt. He took the lease on the Benson farm. He didn't get the lease; some other man got it and he took it over. He told me that. I don't believe that I testified last week that I was working for Butler, Gragg & Lynch. If I did, I misconstrued the question. That is my signature. Butler, Gragg & Lynch is the firm; that is the way they gave it to me; it goes different ways. Mr. Butler was with Dr. Gragg when he employed me to work on this lease, I guess, or he would not have been in on it. I don't know for sure whether Mr. Butler was present when I was employed or not; I am just taking

somebody else's say. I was told that. I never had anybody to show me any papers. I took Dr. Gragg's word on it. Dr. Gragg paid me with a check, I believe. I couldn't say whether it was a check or money, and as to how it was signed, you can get the check and see; I don't remember. \* \* \* I couldn't say for sure that I knew all the time I was working for three men. When I first started out I supposed I was working for Dr. Gragg, but afterwards I don't remember what Dr. Gragg told me, but it was going around that it was Butler, Gragg & Lynch. When I first made out the papers I thought I was working for Dr. Gragg, but when we were talking to you I believed, like every one else at Olney, that I was working for Butler, Gragg & Lynch. But the papers were made out that I was working for Dr. Gragg; that was my first impression, and I haven't changed that, but they go by Butler, Gragg & Lynch. As to my knowledge of who owned the lease we were on at the time, Dr. Gragg paid the money out for it."

[3] It appearing that Gragg employed the appellee, that he paid his wages, and that the insurance was taken out by Gragg individually in contemplation of the drilling of the very well upon which appellee was at work at the time of his injury, the finding of the jury that appellee was in the employ of Dr. Gragg is fully supported by the evidence. Such being the case, we have no authority to ignore or set aside such finding. Article 1986, Vernon's Sayles' Ann. Civ. St. 1914; Hodde v. Malone Real Estate Co. (Tex. Civ. App.) 196 S. W. 347; Nowlin v. Hall, 79 S. W. 806, 97 Tex. 441; Mansfield v. Rigsby (Tex. Civ. App.) 273 S. W. 290, 291.

[4] But there is another ground upon which we overrule the appellant's contention that the appellee was working for the firm of Butler, Gragg & Lynch and not for Gragg. Gragg's employment of appellee without the express concurrence of his partners, if it be admitted that the evidence establishes such partnership, would not bind such partnership and make it liable for wages owing to or promised appellee. The record is clear that if a partnership existed it was made for the purpose of drilling for oil or gas. This being true, a mining partnership alone was shown to have been formed, and Gragg, in the employment of appellee, had no authority to bind his partners. Ferguson v. Rhoades Drilling Co. (Tex. Civ. App.) 271 S. W. 155, 157; Adams v. Texhoma Oil & Refining Co. (Tex. Civ. App.) 262 S. W. 141. This being the rule, as a legal consequence, the appellee was not employed by the firm, and hence Gragg alone was the employer.

[5] Appellant's proposition presenting as error the action of the trial court in permitting appellee to testify to injuries other than those presented to the Industrial Accident Board is overruled. When the award of the board was appealed from by suit initiated in the district court, the trial was de novo, and appellee had the right to testify to such in-

juries as then appeared to have been done him. He, it is true, would not be permitted to bring in a new cause of action, but injuries which he claimed to have been occasioned him from the same accident that caused those presented to the board certainly would not be classed as a new cause of action.

The refusal of the trial court to submit the appellant's special issue, wherein the jury was asked if appellee was working for a copartnership composed of Gragg, Butler, Lynch, and others, at the time of the alleged injury, is held not to have been erroneous, for the reason that the partnership shown to exist was a mining partnership, as held above. The same ruling is made by us as to proposition No. 5, that the court erred in overruling the motion for new trial, and upon the same ground. The evidence supports the jury's finding that the appellee was totally incapacitated for work, and that such incapacity was permanent, and we will not disturb such finding.

[6] Appellant presents error in that the trial court's judgment is excessive, and that there was no evidence to support the jury's finding upon the weekly wage-earning capacity of the appellee. As stated above, if there is evidence to support the finding of the court or jury, such findings must stand. The appellee testified as to other injuries beside the loss of the use of his hand, which rendered him incapable of work. If the jury chose to believe him, it was within their province. The evidence supporting the finding on appellee's wage-earning capacity and the time of his employment during the year, on direct examination, is as follows:

"Before the injury, part of the time, I got $12 and $15 a day. Nine dollars a day was the lowest wage I ever made. I had straight time, but some days we would be off on some other kind of job. They kept me on straight time as long as I worked on the Herron City lease. I was there four or five months. I was getting $15 a day then. That was immediately before this injury. I went from there to Olney. Before I went to Herron City I was working for Mr. Hemphill and two or three other different fellows there. During the whole year I lost very few days. While I was working for Hemphill I was making $18 a day and $16 a day from McNabb. The reason for me quitting that work and going to a $9 job, I had a message from my wife to come to Ardmore, Okl., she was pretty sick; and when I went through Olney there was a well there, a discovery well, and I was going to try to lease some, and I got this job there from Mr. Newman, and I worked out there until he got the 600-foot sand, and he shut down, and that throwed me out there. I believe I was getting $12 from Mr. Newman; I am not sure. Then, I tried some lease stuff over in Throckmorton and spent some money over there, and finally give that up, and then Dr. Gragg wanted me to go to work for him, and asked me to go out on this well; said he was having trouble and wanted somebody he could rely on, and I said all

right; I didn't have anything else to do, and I went out there."

If the jury chose to believe this testimony, it justified them in finding that appellee was employed during substantially the whole of the year preceding his injury, it appearing that during that time he was receiving from $9 to $18 per day, and the judgment is therefore not excessive. Texas Employers' Ins. Ass'n v. Bateman (Tex. Civ. App.) 252 S. W. 339, 340; Georgia Casualty Co. v. Darnell (Tex. Civ. App.) 243 S. W. 579; article 5246—82, Vernon's Ann. Civ. St. Supp. 1919.

It was not error for the trial court to refuse to give appellant's special issue to the jury as to who was the owner and operator of the oil and gas lease on which appellee was working in the course of his employment at the time he was injured. What we have said as to the mining partnership and non-liability of partners applies to this contention also.

No error was committed, under the evidence, in the trial court, awarding a lump sum settlement.

We have carefully considered each and every assignment and proposition of appellant, and, finding no reversible error, we affirm the trial court's judgment.