**NEW AMSTERDAM CASUALTY CO. v.
HARRINGTON et al.   (No. 903–4658.)**

(Commission of Appeals of Texas, Section A.
Feb. 2, 1927.)

**1. Partnership ⬡63—Copartnership is legal
"entity," distinct from members.**

A copartnership is a legal "entity," distinct from the individual members composing it.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Entity.]

**2. Judgment ⬡251(1)—Allegation that person was subscriber under Workmen's Compensation Law, and proof that partnership was subscriber held fatal to judgment (Rev. St. 1925, art. 8307, § 5, and art. 8309, § 2).**

In insurer's action to set aside award of Industrial Accident Board under Rev. St. 1925, art. 8307, § 5, variance between allegation that named person was subscriber under policy issued by insurer, under art. 8309, § 2, and evidence that copartnership of which such person was a member was in fact the subscriber, *held* fatal to judgment.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by the New Amsterdam Casualty Company against C. F. Harrington and others to set aside an award of the Industrial Accident Board under the Workmen's Compensation Act in favor of the named defendant. Judgment for named defendant was affirmed by the Court of Civil Appeals (283 S. W. 261), and plaintiff brings error. Reversed and remanded.

Taylor, Muse & Taylor, of Wichita Falls, and Senter & Strong, of Dallas, for plaintiff in error.

W. L. Scott, of Olney, and John Davenport, of Wichita Falls, for defendants in error.

BISHOP, J. Plaintiff in error, New Amsterdam Casualty Company, instituted this suit in the district court to set aside an award of the Industrial Accident Board allowing compensation for injuries received by defendant in error C. F. Harrington in the course of his employment while engaged in drilling an oil well on the S. M. J. Benson lease 5 miles east of Olney, Tex.

The declarations in the policy issued by plaintiff in error gives the names of the employer as Dr. L. F. Gragg, described therein as an individual, and the location of the premises of the employer as the S. M. J. Benson lease 5 miles east of Olney, Tex. In its notice to the Industrial Accident Board of the issuance of the policy plaintiff in error described the employer as "Dr. L. F. Gragg (firm name under which business is conducted at Olney, Tex.)." The notice of his injury given the Industrial Accident Board by Harrington states that he sustained the injury "while in the employ of Butler, Gragg, and Lynch, employers." The uncontradicted evidence shows that Harrington was injured in the course of his employment while working on said Benson lease for a copartnership, composed of Gragg, Butler, Lynch, and others, whose names are not disclosed. The distinguishing name of the copartnership, if any, was not definitely shown by the evidence.

Defendant in error Harrington in his pleadings in the district court bases his cause of action on the following allegations, to wit:

"Defendant admits and alleges that on the 10th day of April, 1924, L. F. Gragg was his employer, and was a subscriber to the Employers' Liability Act of Texas, and he alleges that the said L. F. Gragg had a policy of insurance at that time issued to him by the New Amsterdam Company, and that same was subject to all of the laws of the state of Texas relating thereto, and he alleges further that by the terms and conditions of said policy said casualty company became and was bound to pay to any employé of the said L. F. Gragg any and all amounts awarded to such employé by the Industrial Accident Board for an injury sustained by such employé in the course of his employment with the said L. F. Gragg, or any amount adjudged to such employé by any court having jurisdiction of the parties and the cause of action brought under the terms of said policy."

The trial resulted in a judgment awarding Harrington recovery of compensation for his injury, and this judgment was by the Court of Civil Appeals affirmed. 283 S. W. 261.

[1] Our statutes provide that, when either the insurance association or the employer institutes suit to set aside the final ruling and decision of the Industrial Accident Board, the burden of proof shall be upon the employé to show facts necessary to recovery of compensation. Article 8307, § 5. In order to do this, the employé must both allege and prove the facts upon which he relies to obtain judgment. The facts alleged constitute his cause of action. Here Harrington alleges that Dr. L. F. Gragg was his employer and the subscriber under the policy issued by the casualty company. Our statutes define subscriber as being the holder of the policy under the Workmen's Compensation Law. Article 8309, § 2. The evidence shows that a copartnership composed of Gragg and others was the employer, and that Harrington was engaged by Gragg to work for the copartnership. And though the evidence, by reason of the notice given the board by the casualty company, may show that the company by the issuance of the policy intended to provide for the payment of compensation to the employés of the copartnership, and that the policy was issued in the name of Gragg for the use and benefit of the copartnership and its employés, thereby in law making the copartnership the holder of the policy, yet there is no allegation contained in Harrington's pleadings to support a cause of action based on these facts.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A copartnership is a legal entity distinct from the individual members composing it, and the allegation that Gragg was Harrington's employer is not shown by proof that a copartnership composed of Gragg and others was his employer.

[2] Our statutes provide that the judgment of the court shall conform to the pleadings, the nature of the cause proved, and the verdict. While the judgment in this case conforms to the pleadings and verdict, it does not conform to the nature of the cause proved. The proof is at such variance from the cause of action alleged that the court would not be warranted in sustaining the judgment. Western Union Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549; Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; Bank of Garwin v. Freeman, 107 Tex. 523, 181 S. W. 187.

We recommend that the judgment of both courts be reversed, and the cause remanded to the district court.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and the cause remanded to the district court, as recommended by the Commission of Appeals.