## COLUMBIA CASUALTY CO. v. RAY.
### (No. 3002.)

Court of Civil Appeals of Texas. Amarillo.
March 21, 1928.

Rehearing Denied April 18, 1928.

1. **Appeal and error** ⬉⇒1002—**Trial** ⬉⇒143—
Conflicting evidence on issue is for jury, and
neither trial nor appellate court can interfere.

Where evidence is conflicting on any issue,
trial court's duty is to let jury decide it, and
neither trial nor appellate court has author-
ity to take such issue from jury.

2. **Master and servant** ⬉⇒405(4)—Evidence
held to sustain jury's verdict that employee
received injury resulting in hernia, that her-
nia did not exist before injury, but appeared
suddenly and was accompanied by pain.

Evidence *held* to sustain verdict of jury that
employee received injury while lifting heavy
pipe, resulting in hernia and that such hernia
did not exist in any degree prior to injury
complained of, and that it appeared suddenly
and immediately following injury complained
of, and was accompanied by pain.

3. **Master and servant** ⬉⇒404—In employee's
suit for injury resulting in hernia, evidence
regarding number of men lifting on pipe at
time of injury held admissible.

In suit by employee to recover for injury,
alleged to have been sustained while lifting
heavy pipe, causing hernia, evidence as to num-
ber of men who were "supposed to be lifting"
on pipe at time of injury *held* admissible.

4. **Evidence** ⬉⇒501(2)—Employee's testimony
that hernia complained of was not at site of
previous hernia held admissible where he gave
facts on which he based statement.

Employee's testimony that his hernia, claim-
ed to have resulted from injury, was not at
site of previous hernia, *held* admissible as
against objection that employee was a non-
expert witness, where he gave facts on which
he based his statement that hernia was not at
site of first hernia.

5. **Evidence** ⬉⇒501(1)—Where witness tells
facts on which his opinion is based, nonex-
pert opinion is admissible.

Where witness tells facts on which his opin-
ion is based, rule permits evidence of nonex-
pert opinion, and objection goes to weight,
rather than to admissibility, of testimony.

6. **Master and servant** ⬉⇒401—In employee's
suit for injury causing hernia, plaintiff could
plead and prove he was ready for operation,
and that defendant refused to have same per-
formed (Rev. St. 1925, art. 8306, § 12b,
subd. 4).

In suit by employee for injuries alleged to
have caused hernia, it was permissible for em-
ployee to plead and prove that he was ready
and willing for operation provided for by Rev.
St. 1925, art. 8306, § 12b, subd. 4, and that
defendant refused to have same performed,
or failed to have same performed.

Appeal from District Court, Wichita Coun-
ty; W. W. Cook, Judge.

Action by J. A. Ray against the Columbia
Casualty Company to set aside an award of
the Industrial Accident Board. From a judg-
ment for plaintiff, defendant appeals. Af-
firmed.

Luther Hoffman, of Wichita Falls, for ap-
pellant.

Grindstaff, Zellers & Hutcheson, of Weath-
erford, for appellee.

RANDOLPH, J. The appellee, hereinafter
referred to as plaintiff, brought this suit
against the Columbia Casualty Company, as
defendant, under the Workmen's Compensa-
tion Act of Texas (Rev. St. 1925, arts. 8306–
8309), to set aside an award of the Indus-
trial Accident Board.

The trial was had before a jury, and on
their verdict, on special issues, judgment was
rendered in favor of the plaintiff, from which
judgment appeal has been taken to this court.

Plaintiff's petition alleges that, while dis-
charging his duties as an employee of the
Belby Natural Gasoline Company, he suf-
fered a hernia on his right side, which ap-
peared suddenly and immediately after an
injury; that it was accompanied by pain;
and that it existed, in no degree, prior to the
injury. He further alleged that he was
lifting heavy pipe, and, while so doing, under-
went a severe strain, which resulted in the
hernia. Plaintiff also pleaded that he was
totally and permanently disabled as a result
of the hernia, and sought recovery of com-
pensation accordingly, and also sought to
have the defendant provide an operation to
reduce the hernia.

The defendant filed an answer consisting
of a general demurrer, general denial, and
special plea that the hernia for which recov-
ery was sought existed long prior to the al-
leged date of its appearance; that it did not
appear immediately following a strain; and
that it was not accompanied by pain.

The defendant, in its brief, presents six-
teen propositions for our consideration.
These propositions are substantial duplicates
of several questions presented in various
forms, which we will discuss without refer-
ence to the particular proposition presenting
them.

The defendant complains that the original
and supplemental petitions disclose that the
plaintiff had two abdominal operations—one
for appendicitis, the other for hernia —before
the hernia complained of occurred, and, it not
being alleged in either pleading that the last
hernia did not exist in any degree prior to
the alleged injury, that the general demurrer
should have been sustained.

We cannot approve this contention, because
it is not sustained by the record. The plain-

tiff expressly pleads the hernia occurring on September 23, 1926, as the one he seeks to recover on; that on said date plaintiff, with other employees, was engaged in lifting and moving some heavy pipe, and, while lifting said pipe, he was under severe strain, and that the injury he sustained resulted in that hernia; that said hernia appeared suddenly and immediately following the injury; that it did not exist in any degree prior to the injury complained of herein; that the injury was accompanied by pain. The petition further alleges that during the year 1925 plaintiff was operated for hernia or abdominal abscess on his right side, and at the location of the hernia made the basis of this action, and that said operation was a success; that he had recovered to the extent that he was able to do and perform hard manual labor, and that for many months prior to the said 23d day of September, 1926, he was doing and performing hard manual labor, without any pain or inconvenience whatever, and that he was losing no time, and was suffering no decrease in wages by reason of said condition, but by reason of said severe strain, as hereinbefore alleged, he suffered a tearing of the abdominal walls of his stomach, and the muscles and ligaments supporting the same, so that the intestines protrude therefrom, etc. We overrule this contention.

The defendant also insists that the overwhelming weight of the evidence is that the hernia complained of existed prior to the injury to plaintiff, and that the trial court should have, therefore, given the peremptory instruction tendered by the defendant.

[1] It has become elementary in this state that, where the evidence is conflicting upon any issue, the trial court's duty is to let the jury decide it, and that court has no authority to take such issue from the jury, and we have no such authority.

[2] But we cannot concede that the weight of the evidence, let alone the overwhelming weight, is to the effect that the hernia complained of in the petition existed prior to the injury in September, 1926.

The plaintiff testified that he was operated for appendicitis on the 10th day of February, 1925, and that later he was operated for hernia on the 2d day of September, 1925, which was "left over" from the appendicitis operation; that he did no work, after the second operation, for about eight or ten months; that, after the expiration of eight or ten months, and after the doctors had told him that it would be all right to go to work, he did go to work, and was engaged in work, in which he received the injury. His testimony as to the actual occurrences and surroundings at the time of the injury last spoken of is as follows:

"With reference to whether or not, after the alleged injury on the 23d day of September, 1926, there was any protrusion there at any time, I will say yes.

"It is a place about two and one-half or three inches in length, and, when I take this belt here off, it bulges out there. I cannot go without a belt, or, at least, I cannot go at all—I cannot walk.

"It protrudes out about like a goose egg, just about the size of a goose egg. I did not have any trouble like that at all before the injury.

"It was about 10 o'clock in the morning when this accident happened. As I stated before, I did not continue my work that day. I went off and laid down. I went out a little ways there, and laid down in the shade of a water tank, a storage tank out there. I lay there, I guess for something like about 30 or 40 minutes. I lay down there because I had nowhere else to lie down, without lying down in the hot sun. I went to a doctor in something like an hour after I was hurt. In maybe an hour and 20 minutes I was carried to a doctor. I do not know the name of that young fellow who carried me to the doctor—the young foreman. The foreman hauled me and transferred me to another one of the helpers there —a truck driver, rather. I rode in a car.

"I was not able to get into the car by myself. I required assistance to get into the car. They assisted me into the car.

"I went to Dr. Weller at Electra. The field foreman sent me there to Dr. Weller is why I went to him. Dr. Weller treated me, he just laid me down on a cot that he had in there, and he pressed this all back in there, and he went and got a belt and put on me, an abdomen supporter—he just pressed it back on the inside with his fingers.

"I do not know whether that is what they call reducing a hernia or not. I do not know what they call it. I call that a web belt that he put on me, a cloth belt. It is about four or five inches wide in the front. I have been wearing that ever since that time.

"I testified that I had been operated on before. It shows on my body where the incision was made. This hernia is not at the same place as that incision.

"I could determine or feel where the opening in my stomach is—where the protrusion comes through.

"It is located to the right of the incision made by the operation. It is about something like one or one and one-half inches to the right."

Dr. W. C. Monroe, witness for plaintiff, testified: That he made a physical examination of the plaintiff about the 13th of November, 1926. He found a big hernia or rupture in plaintiff's abdomen about the size of a goose egg. It was on the right side, and was a good, big rupture. The plaintiff had scars of a previous operation, and the plaintiff then stated their history to the doctor. That the present hernia is in that scar or practically so. As to the plaintiff complaining of pain being to the right of the scar, that might be due, and probably is due, to the stretching of the nerves and also in sympathy —such as a sound tooth in the vicinity of a decayed one will ache in sympathy. It can be explained that way; but the witness did not attach much importance to the point. The

period of time elapsing between the operation in September, 1925, and that in September, 1926, would have been sufficient time for the operation to have "cured up." The usual recovery takes place in from one to three months. After the plaintiff was operated on in September, 1925, if he did not do any manual labor until July, 1926, this would have been eight or nine months, and would have been fully enough time for plaintiff to have recovered from the other operation. That the plaintiff needs an operation at the present time. If an operation is not performed on the plaintiff he would be incapacitated for manual labor in the future.

From this testimony of the plaintiff and of the doctor, his witness, it will be seen that the hernia complained of occurred subsequently to the operation for appendicitis, and also subsequently to the operation for the first hernia, which followed the operation for appendicitis. It occurred some nine months after the operation for the first hernia, and after he had been pronounced well by the doctors. Therefore the verdict of the jury that the plaintiff received such injury resulting in the hernia, upon which the suit is based, and that such hernia did not exist in any degree prior to the injury complained of, that it appeared suddenly and immediately following the injury complained of, and was accompanied by pain, is abundantly sustained by the evidence.

[3] The contention of defendant that the court erred in permitting proof, as to the number of men who were "supposed to be lifting" on the pipe at the time of the injury, is without merit. The plaintiff's claim that he was injured in the lifting of the pipe would naturally depend on the fact as to whether the object lifted was heavy enough to cause the injury, and the evidence offered was a circumstance offered to corroborate his claim that the lifting of the heavy pipe caused the injury.

[4] The defendant's propositions covering the objections made to the plaintiff's evidence that the hernia complained of was not at the site of a previous hernia, because the plaintiff was a nonexpert and inexperienced witness, and would present conclusions which could be based only upon a technical knowledge and skill of surgery, cannot be sustained. The plaintiff needed no technical or surgical knowledge to enable him to see and feel a protrusion in his abdomen as big as a goose egg; he needed no knowledge of surgery to enable him to locate a pain. He gave the facts upon which he based his statement that the hernia was not at the site of the first hernia, and this evidence was proper to go to the jury.

[5] Where a witness tells the facts upon which his opinion is based, the rule permits the admission of nonexpert opinion. The ob-

jection goes to the weight, rather than to the admissibility, of the testimony. Mo., K. & T. Ry. Co. v. Brantley, 26 Tex. Civ. App. 11, 62 S. W. 99 (writ denied).

[6] The plaintiff's petition alleges that it was the duty of the defendant to furnish him with competent surgical treatment by radical operation, and that he has been ready and willing to submit to said operation, but that the defendant has, at all times, refused, and still refuses, to furnish same, etc. Article 8306, § .12b, subd. 4, Revised Statutes 1925, provides for such an operation. It was therefore permissible for the plaintiff to plead and prove that he was ready and willing for the operation, and that the defendant refused to have same performed, or failed to have same performed.

We have considered all assignments and propositions, and, finding no reversible error, we affirm the trial court's judgment.