## TEXAS EMPLOYERS' INS. ASS'N v. HOWELL et al.

### No. 3565.

Court of Civil Appeals of Texas. Amarillo.

March 18, 1931.

Rehearing Denied April 8, 1931.

T. R. Boone, of Wichita Falls, and Jas. P. Swift, of Dallas, for plaintiff in error.

Grindstaff, Zellers & Hutcheson, of Weatherford, for defendants in error.

RANDOLPH, J.

The plaintiff in error will hereinafter be designated plaintiff, and the defendant in error will be designated defendant.

The defendant filed a claim with the Industrial Accident Board of the state of Texas, which claim was for compensation based upon an injury alleged to have been sustained by him on the 1st of December, 1929, while he was working for the Apple-Brandenberry Oil Company in Wilbarger county, Tex. The board made an award directing that the plaintiff pay to the defendant compensation at the rate of $20 per week for a period of twenty-six weeks and also to have an operation performed upon said defendant because of an injury sustained by him in an accident. The plaintiff refused to abide by said award and duly filed suit to set it aside.

The defendant filed a cross-action alleging, in substance, that at the time of the accident he sustained an injury resulting in a hernia on his right side which appeared suddenly and was accompanied by pain, and that the muscles, ligaments, and tendons of the abdominal walls on both sides were stretched, strained, and injured, and that later as a result thereof a protrusion developed upon the left side; that as a result of the injury he became totally and permanently disabled, unless he should be relieved by a surgical operation. He also alleged that he was willing and had at all times been willing to undergo a surgical operation in the event that it was not more than ordinarily unsafe, but that plaintiff had at all times refused to have him operated on as it was its legal duty to do.

The case was submitted to a jury upon special issues, and the jury found from a preponderance of the evidence: (1) That the defendant sustained an accidental personal injury on the 1st of December, 1929. (2) That said accidental personal injury was sustained by said defendant while he was acting within the course of his employment with the apple-Brandenberry Oil Company. (3) That said injury was sustained by the defendant on December 1, 1929, resulting in a hernia on his right side. (4) That said hernia was accompanied by pain. (5) That said hernia appeared suddenly and immediately after the injury. (6) That said hernia on the right side of said defendant did not exist in any degree before the accident on December 1, 1929. (7) That the accident sustained by said defendant on December 1, 1929, has naturally caused injury to his body other than the hernia on the right side. (8) That it would be more than ordinarily unsafe for the said defendant to submit to an operation for hernia on the right side. (9) That said defendant has at all times been willing to submit to a surgical operation at the hands of plaintiff, Texas Employers' Insurance Association. (10) That said plaintiff has at all times refused to have any surgical operation performed upon said defendant because of the injury received by him on the 1st day of December, 1929. (11) That the injury sustained by said defendant on December 1, 1929, has naturally resulted in said defendant becoming totally incapacitated for work. (12) That said total incapacity to work of the said defendant is permanent. (13) Not answered. (14) That the average daily wage of employees doing the same or similar work as that in which said defendant was engaged on December 1, 1929, in the same or neighboring localities for substantially the whole of the year prior to December 1, 1929, for the days actually employed, was $6. (15) That this is a special case and is one in which manifest hardship and injustice will result to said defendant if the compensation due him is not paid in a lump sum.

Upon the answers so made to the issues by the jury, the trial court rendered judgment in favor of defendant, and plaintiff has appealed.

The plaintiff's propositions 1, 2, and 5 present questions involving alleged errors in the charge of the court and in the failure of the court to instruct a verdict, arising by reason of the application of the compensation statutes to the case on trial. We will therefore discuss generally the errors assigned upon these questions, without reference to the particular numbers of the assignments.

The plaintiff charges error in that, the defendant's action being brought under the Compensation Law of Texas, it became necessary for the defendant to allege a certain wage rate under subdivisions 1 and 2, or to negative both of these subdivisions of section 1, article 8309, R. S. 1925, and having based his cause of action on a direct allegation, to the effect that the average daily wage of employees doing the same or similar work as that kind in which the defendant was engaged at the time of his injury, in the same or neighboring localities for a period of a year prior to the date of the accident; that it was necessary for the defendant to allege and prove sufficient to bring himself within one of the subdivisions of said article, and having alleged subdivision 2 thereof, and having failed to prove that other employees in the same or neighboring localities had worked for substantially the whole of the year prior to the date of the alleged accident, in the same or similar employment, was not entitled to have the judgment rendered in his behalf based upon a $20 per week wage rate, and therefore the court erred in rendering judgment for the amount that he did render same, on account of the lack of sufficient proof to support a judgment in excess of $7 per week. Further, plaintiff alleged error in that the trial court submitted issue No. 14, as follows: "From a preponderance of the evidence find and state in dollars and cents the average daily wage of employees doing the same or similar work as that in which said Howell was engaged on December 1, 1929, in the

same or neighboring locality for substantially the whole of the year prior to December 1, 1929, for the days actually employed. Answer in dollars and cents." The jury answered: "$6.00."

In Subdivision 2, § 1, art. 8309, of the Revised Civil Statutes of 1925, under the heading "average weekly wages," the definition of that term is given as follows: "If the injured employee shall not have worked in said employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed."

It will be seen that this subdivision provides the measure of compensation for an employee who has not been working in such employment during substantially the whole of the year at three hundred times the average daily wage of an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment, in the same or a neighboring place, as applied to that fraction of time which the injured party shows to have worked at the time of the accident.

This is properly pleaded in the defendant's cross-action, and the evidence furnishes a proper basis for the verdict of the jury and the judgment of the court. Federal Surety Co. v. Shigley (Tex. Civ. App.) 7 S.W.(2d) 607, 609.

The defendant testified that he had been working for his then employer for only a short time at the time of the accident. It was further testified that he knew the average daily wage for employees doing the same or similar work as that he was doing at the time of his injury, for a year prior to the time of his injury for the days they worked, and that it was $6 a day.

We overrule these propositions.

The contention of the plaintiff that, the defendant's cross-action being based upon the Workmen's Compensation Law of the state of Texas, and defendant having testified that his only injury was that of a hernia, the court erred in entering judgment based upon a total permanent disability, cannot be sustained. Taking the whole of the defendant's evidence into consideration, it is clear that there were other injuries besides the injury producing the hernia, and that he had a total permanent incapacity therefrom. But whether or not the hernia alone resulted in the total permanent incapacity, or a combination of injuries caused it, matters not. Under any other holding a defendant whose capacity to labor had been totally and permanently destroyed would be limited in his recovery to the statutory provision for compensation for a hernia. We do not think this is a proper interpretation to be placed on the Compensation Law.

There is no conflicting evidence upon the issue of defendant having suffered a hernia. That being true, it was, under the evidence, for the jury to find whether or not this injury resulted in defendant's total and permanent incapacity to labor. The jury found in the affirmative on this issue.

In the case of Petroleum Casualty Co. v. Seale, 13 S.W.(2d) 364, 366, it was held by the Commission of Appeals as follows: "We do not mean to hold that an employee who has received an injury to a specific member of the body is confined to a recovery of the compensation specially provided for such injury if he is able to allege and prove other injuries or if it be fairly shown that the injury to the specific member has involved other portions of his body or affected his general health. Under such allegations and proof he may be entitled to have his injury compensated under the more liberal provisions of the act." Supporting this holding the Commission of Appeals cite Lumbermen's Reciprocal Association v. Pollard (Tex. Com. App.) 10 S.W.(2d) 982; Texas Employers' Insurance Association v. Moreno (Tex. Com. App.) 277 S. W. 84; Lumbermen's Reciprocal Association v. Anders (Tex. Civ. App.) 292 S. W. 265, 267.

The Supreme Court expressly approves the holding by the Commission of Appeals in the Seale Case.

This court, in the case of Columbia Casualty Co. v. Ray, 5 S.W.(2d) 230, sustained a judgment based upon a hernia where it was alleged and proved that a total and permanent incapacity resulted therefrom and the Supreme Court refused a writ of error in said case.

Finding no reversible error we affirm the judgment of the trial court.

On Motion for Rehearing.

In this motion the plaintiff contends that our holding with reference to the sufficiency of the evidence in this case to sustain the verdict of the jury is in conflict with the case of Federal Surety Co. v. Shigley (Tex. Civ. App.) 7 S.W.(2d) 607, 609. We do not think this interpretation of our former opinion is correct.

In the Shigley Case, we say: "In fixing the method of ascertaining the measure of defendant's compensation, it is apparent (1) that he must have been employed for substantially the whole of the year preceding his injury; (2) if he was not so employed, but was only employed for a part of the time,

then the measure of his compensation is 300 times the average daily wage which an employee of the same class, working substantially the whole of such immediately preceding year, in the same or similar employment, in the same or a neighboring place, shall have earned in such employment during the days when so employed. It will therefore be seen that neither the pleading of defendant nor the evidence before the court complied with the requirements of this statute."

In the case at bar, there is no question but what the defendant was attempting to follow this statute, and the question which we attempted to decide in this case was whether or not the evidence as offered by the defendant complied with the rule which he was seeking to enforce to secure his compensation and held:

"This is properly pleaded in the defendant's cross-action and the evidence furnishes a proper basis for the verdict of the jury and the judgment of the court. * * *

"The defendant testified that he had been working for his then employer for only a short time at the time of the accident. It was further testified that he knew the average daily wage for employees doing the same or similar work as that he was doing at the time of his injury, for a year prior to the time of his injury for the days they worked and that it was $6.00 a day."

It is true that on cross-examination he testified as follows: "I do not know that I know or could recall of anybody that worked from December 1, 1928 until December 1, 1929, a period of three hundred days, that drew $6.00 a day doing the same kind of work I was doing in Wilbarger County or in the vicinity where I was working, *without losing a day*. (Italics ours.) I did not work three hundred days. The job I was on I worked four months and twelve days and then I was off from September until December, when I went to work for them. I went to the cotton patch from September until December. To some men those oil field jobs last constantly for a period of three hundred days a year. I could not recall the names of anybody that have been doing that same kind of work for five or six years and I do not know whether they get $5.00 or $6.00 a day."

It does not appear from the record that the plaintiff objected to the introduction of this evidence because the witness was incompetent to testify by reason of lack of knowledge of similar conditions in his field. The statement as first made, together with the testimony introduced on the cross-interrogation, went to the jury for what it was worth, and should have gone to them, and, they having decided the question, we hold that there was a sufficient basis for their verdict.