PD. 0244-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/1/2015 6:08:06 PM
Accepted 4/2/2015 1:17:40 PM
ABEL ACOSTA
CLERK

**PD. 0244-15**

In the
Court of Criminal Appeals
Austin, Texas

◆

**WARIS SUBLET**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

◆

# APPELLANT'S AMENDED PETITION FOR DISCRETIONARY REVIEW

◆

Review Sought from the First Court of Appeals
No. 01-14-00182-CR
On appeal from Cause Number 1378742 in the 262nd District Court
Of Harris County, Texas

FILED IN
COURT OF CRIMINAL APPEALS

April 2, 2015

ABEL ACOSTA, CLERK

Keisha Smith
708 Main Suite 790
Houston, Texas 77002
Telephone: 713-222-0733
Fax: 713-222-0995
Keishasmithlaw@sbcglobal.net
TBN: 24029841
Attorney for Appellant

**ORAL ARGUMENT WAIVED**

# IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 68.4 of the Texas Rules of Appellate Procedure, a complete list of the names of all parties to this action and counsel are as follows:

**Parties:**	Waris Nadir Sublet, **Appellant**

State of Texas, Appellee

**Attorneys for the Appellant:**	Mr. John Petruzzi, Trial Attorney
Ms. Keisha L. Smith, Appellate Attorney

**Attorneys for the State:**	Ms. Sarah Roberts, Assistant District Attorney
Ms. Abbie Miles, Appellate Attorney

**Trial Judge:**	Honorable Denise Bradley
262nd Judicial District Court
Harris County, Texas

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................................... 4

STATEMENT REGARDING ORAL ARGUMENT ................................................ 5

STATEMENT OF THE CASE ............................................................................... 6

STATEMENT OF PROCEDURAL HISTORY ..................................................... 7

GROUND FOR REVIEW...................................................................................... 7

COURT OF APPEALS ERRED BY FAILING TO CONCLUDE THAT APPELLANT WAS
PREJUDICED BY TRIAL COUNSEL'S DEFICIENT PERFORMANCE

ARGUMENT........................................................................................................... 7

PRAYER FOR RELIEF ......................................................................................... 11

CERTIFICATE OF SERVICE............................................................................... 12

CERTIFICATE OF COMPLIANCE...................................................................... 12

APPENDIX............................................................................................................. 12

# INDEX OF AUTHORITIES

## CASES

*Short v. State,*
   658 S.W.2d 250 (Tex. App—Houston [1st Dist.] 1983, *aff'd,* 671 S.W.2d 888
   (Tex. Crim. App. 1984) .............................................................................. 7

*Strickland v. Washington,*
   104 S.Ct. 2052 (1984) ............................................................................ 7, 8

## RULES

Tex. R. App. Pro. 66.3 (f).......................................................................... 7

## CONSTITUIONAL PROVISIONS

U.S. Const. amend. VI & XIV ..................................................................... 7

Tex. Const. Art. I §10................................................................................. 7

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully waives oral argument.

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

NOW COMES, Waris Sublet, Appellant in this cause, by and through his attorney of record, Keisha Smith, and pursuant to the provisions of Tex. R. App. Pro. 66, *et seq.,* moves this Court to grant discretionary review, and in support will show as follows:

## STATEMENT OF THE CASE

Appellant was charged with the Felony offense of Aggravated Assault with a deadly weapon. (CR 21). Appellant entered a plea of not guilty. (RR III 126). The jury found him guilty and sentenced him to thirty years in the Texas Department of Criminal Justice Institution Division. (CR 1755). At trial, one of the State's witness testified, on cross-examination, that Appellant's trial attorney urged him to plea. Appellant's trial counsel objected to the improper testimony but failed to ask for an instruction to disregard nor did he move for a motion for mistrial. The court of appeals affirmed the conviction, holding that even if trial counsel erred in failing to pursue his objection by requesting an instruction to disregard and moving for a mistrial, Appellant failed to show that the outcome of the proceeding would have been different. This petition challenges that holding.

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented one point of issue in his appellate brief. His conviction was affirmed in an opinion not designated for publication. *See Waris Nadir Sublet v. State*, (Tex. App.—1st Dist. No. 01-14-00182-CR, delivered January 29, 2015). This petition is due to be filed April 1, 2015, and therefore, it is timely filed.

## Ground for Review:

The Court of Appeals erred by failing to conclude that Appellant was prejudiced by trial counsel's deficient performance.

## ARGUMENT

REVIEW IS PROPER PURSUANT TO TEXAS RULES OF APPELLATE PROCEDURE 66.3 (F) BECAUSE THE COURT OF APPEALS HAS SO FAR DEPARTED FROM THE ACCEPTED AND USUAL COURSE OF JUDICIAL PROCEEDINGS AS TO CALL FOR AN EXERCISE OF THE COURT OF CRIMINAL APPEALS POWER OF SUPERVISION.

The First Court of Appeals erred in concluding that Appellant was not prejudiced as a result of his trial counsel's ineffective representation. Appellant's trial counsel failed to request an instruction to disregard the following improper and prejudicial testimony or move for a mistrial:

> [Trial Counsel:] Okay. So he didn't talk to you about his case on the elevator?
>
> **[Witness:]** He didn't talk about the details or the specifics, no.

7

[Trial Counsel:] And then you're saying in the holdover right back here, he talked to you about the case?

**[Witness:]** Yes.

[Trial Counsel:] And now you're saying that he just out of the blue admitted to you that he committed this crime?

**[Witness:] No, actually, when you came back there and riled him up saying that he needs to take the plea bargain that the Prosecutor.....**

[Trial Counsel:] Objection, Your Honor....

(RR V 15-16) (emphasis added).

Appellant was entitled to effective assistance of counsel as a matter of Federal and State Constitutional law. U.S. Const. amend. VI & XIV; Tex. Const. Art. I § 10; S*ee Strickland v. Washington*, 104 S.Ct. 2052, 2064-2065, 2068 (1984). To prevail on a claim of ineffective assistance, Appellant must show trial counsel's representation (1) fell below an objective standard of reasonableness and (2) there is a reasonable probability the results of the proceeding would have been different in the absence of counsel's errors. *Id.*

Relying upon *Strickland v. Washington*, the First Court of Appeals determined that Appellant failed to demonstrate that the outcome of the proceedings would have been different but for the alleged error. In support of their holding, the Court of Appeals points to the evidence presented at trial as sufficient evidence from which the jury could have relied upon to support their verdict of

8

guilty. The Appellate Court's assessment of the impact of trial counsel's deficient performance, however, is flawed as it failed to appreciate the highly prejudicial nature of trial counsel's error.

The challenged testimony amounted to an improper reference to plea negotiations and, most damagingly, demonstrated to the jury that Appellant's trial counsel believed him guilty of the offense. *See Short v. State*, 658 S.W.2d 250, 255 (Tex. App—Houston [1st Dist.] 1983, *aff'd*, 671 S.W.2d 888 (Tex. Crim. App. 1984). This testimony revealed to the jury that plea negotiations occurred, offers were made and rejected, and that Appellant's trial counsel advised him to plea bargain. Moreover, this testimony severely compromised Appellant's defense, since it effectively negated his claim that he was defending himself.

The Appellate court contends that Appellant's theory of self-defense was severely compromised by the Appellant's recorded confession. While Appellant did admit that he traveled to the scene, while wearing a jumpsuit, mask, and gloves, to confront the two complaining witnesses, he also explained that one of the men had a machete and tried to attack him. (RR IV 37; State's exhibit 45 & 45A). He described how they tussled and how he managed to apprehend the machete and that he struck the men in self defense. *Id.*

Appellant was entitled to refute the State's allegations and present a defense without the added encumbrance of improper testimony demonstrating that his own

9

attorney believed the evidence was sufficient to convict him and urged him to plea. Any possibility that Appellant's defense would be considered by the jury was eliminated once the jury heard the witness' improper testimony. Accordingly, the First Court of Appeals incorrectly held that the error did not affect the outcome of the trial, as trial counsel's failure to take the proper curative measures to prevent the jury from considering the testimony prejudiced the jury's decision making and denied Appellant a right to a fair and impartial trial.

Appellant did not have the benefit of a fair trial and has satisfied the second prong of Strickland. *See Strickland*, 104 S. Ct. at 2065. Trial counsel's error was of such magnitude that it deprived Appellant of a fair trial and effective representation in violation of both Federal and State Constitutional law. U.S. Const. amend. VI & XIV; Tex. Const. Art. I §10. Because the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals power of supervision, review is proper pursuant to Texas Rules of Appellate Procedure 66.3 (f). Appellant's petition for discretionary review should therefore be granted.

## PRAYER FOR RELIEF

Appellant respectfully prays that this Court grant review for the ground presented, and after full briefing on the merits, issue an opinion reversing the Court of Appeal's judgment and entering a judgment of acquittal or, in the alternative, that the case be remanded to the trial court for a new trial.

Respectfully submitted,

/s/ Keisha Smith

Keisha Smith
Attorney for Appellant
SBN 240249841
708 Main Suite 790
Houston, Texas 77002
713-984-4877 (phone)
713-222-0995 (fax)

## CERTIFICATE OF SERVICE

I hereby certify, by affixing my signature above, that a true and correct copy of the foregoing *Petition for Discretionary Review* was delivered, via electronic filing, to Alan Curry, Assistant Criminal District Attorney for Harris County Texas, 1201 Franklin Suite 600, and Lisa McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711, on this day April 1, 2015.

/s/ Keisha Smith
Keisha L. Smith

## CERTIFICATE OF COMPLIANCE

I hereby certify, by affixing my signature below, that according to the word count of the computer program used to generate this document, the document contains 1,512 words.

/s/Keisha Smith

# APPENDIX

Opinion issued January 29, 2015



In The

# Court of Appeals

For The

## First District of Texas

———————————

NO. 01-14-00182-CR

———————————

**WARIS NADIR SUBLET, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1378742**

———————————

## MEMORANDUM OPINION

A jury found Waris Nadir Sublet guilty of the offense of aggravated assault with a deadly weapon. After pleading true to a prior offense, Sublet was sentenced to thirty years' confinement. On appeal, Sublet contends that he was deprived of

effective assistance of counsel when his counsel objected to a witness's mention of plea negotiations but failed to request an instruction to disregard the testimony and move for a mistrial. We conclude that Sublet has failed to show a reasonable probability that counsel's error affected the outcome of the proceedings; we therefore affirm.

## Background

In October 2012, a man approached James Morris and Marshal Brock, who were homeless and living behind a building. Brock awoke when he heard footsteps and saw the man, who wore a jumpsuit, blue baggy pants, and a "scary movie mask." The man slashed Morris, then Brock, several times with a machete. Brock sustained injuries to his arms, hands, and neck. Morris sustained severe injuries to his hands and a cut on his head and knee. All of the fingers on Morris's left hand and one on his right hand had been severed. Officer Hutto, one of the police officers called to the scene, photographed several of the severed fingers and blood evidence.

On the following day, Officer Dorton stopped a van after the driver, Sublet, failed to stop at a stop sign. Dorton detained Sublet and the passenger of the van, towed the van, and conducted an inventory of it. A machete was located within the van. Officer Dorton did not see any injuries or cuts on Sublet when he detained him.

2

Officer Palatino, a crime scene investigator, searched for items within the van and took photographs of them. She collected blood from the driver's side door panel. DNA analysis showed Brock was very likely to be the DNA contributor to blood on the door panel. The machete blade had red-brown stains on it. DNA analysis showed that Brock was very likely to be the major DNA contributor to DNA collected from the blade and handle. James Morris was likely to be the minor contributor to one of the blood stains.

Officer Hernandez, who investigated the assault, visited the apartment where Sublet resided sometimes, and received consent to search the apartment. Hernandez found shoes with dried blood on them, blue shorts with a small amount of blood on them, and camouflage coveralls.

Sublet confessed to the crime and claimed self–defense in a conversation with police officers, who had informed Sublet of his *Miranda* rights. The jury heard an audio recording of the conversation. In the recording, Sublet stated that, on the night of the crime, he approached Brock and James because they owed him money. Sublet stated that he was wearing a camouflage jumper, a "Jason" mask from the *Friday, the 13th* movies, and wore gloves so he would not get blood on himself. He confessed that he went to the shopping center intending to harm the victims. Sublet claimed that one of the victims had the machete and tried to attack him with it. He said one of the victims punched him, and then he grabbed the

3

machete from them and began to hit them. He stated that he did not remember everything because he was on PCP at the time. He recalled striking at the victims' faces and admitted that he may have hit their fingers as they tried to shield their faces. Later in the conversation, Sublet stated that the victims were lying down on the concrete when he initially approached them.

During Sublet's trial, the State proffered witness testimony from Adams, who testified about a conversation he had with Sublet while he and Sublet waited together in a police holdover room. Adams testified that Sublet confessed to him that he committed the aggravated assault.

The trial court instructed the jury on the issue of self–defense. The jury found Sublet guilty of aggravated assault with a deadly weapon.

### Discussion

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance was deficient; and (2) a reasonable probability exists that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The first prong of this test requires the defendant to show that counsel's performance fell below an objective standard of reasonableness, in that counsel made such serious errors that he was not functioning effectively as counsel. *Id.* Thus, the defendant must prove

4

objectively, by a preponderance of the evidence, that his counsel's representation fell below professional standards. *Lopez*, 343 S.W.3d at 142; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

The second prong requires the defendant to show a reasonable probability that, if not for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Lopez*, 343 S.W.3d at 142. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986)). In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel. *Lopez*, 343 S.W.3d at 142–43; *Ex Parte Martinez*, 330 S.W.3d 891, 903 (Tex. Crim. App. 2011). We consider whether the defendant has shown by a preponderance of the evidence that counsel's actions "so compromised the proper functioning of the adversarial process that the trial court cannot be said to have produced a reliable result." *Martinez*, 330 S.W.3d at 901 (citing *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2064). The possibility that counsel's deficiency might affect the proceedings is insufficient to show prejudice under *Strickland*: "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Kober v. State*, 988

5

S.W.2d 230, 232–33 (Tex. Crim. App. 1999) (quoting *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067).

In *Martinez*, the Texas Court of Criminal Appeals considered a case in which the defendant, convicted of murder, claimed ineffective assistance of counsel under *Strickland*. 330 S.W.3d at 894, 901. The defendant contended that her counsel failed to object to gang-related evidence that was inadmissible. *Id.* at 901. The court found that, even without the gang-related evidence, the remaining evidence supported the jury's guilty verdict. *Id.* The court found that "[i]t is unlikely, in the face of all the evidence with which the jury was presented, that the jury would have reached a different conclusion in the absence of the gang-related evidence. . . ." *Id.* at 904.

Sublet contends that his trial counsel was ineffective in responding to the following testimony by Adams:

> Defendant's counsel: And then you're saying in the holdover right back there, he talked to you about the case?
>
> Adams: Yes.
>
> Defendant's counsel: And now you're saying that he just out of the blue admitted to you that he committed this crime?
>
> Adams: No, actually, when you came back there and riled him up saying that he needs to take the plea bargain that the Prosecutor —
>
> Defendant's counsel: Objection, Your Honor.

6

> The Court: Sustained. Listen carefully to [counsel's] question and just answer the question that he asks.

Although counsel objected to Adams's testimony, counsel did not request an instruction to the jury to disregard the testimony, nor did he move for a mistrial. Sublet contends that the testimony indicated to the jury that trial counsel believed Sublet was guilty, severely compromising his defense.

Even assuming that counsel erred in failing to pursue his objection by requesting an instruction to disregard the statement and move for a mistrial, Sublet fails to show that the outcome of the proceeding would have been different. The State proffered abundant evidence of Sublet's guilt, including his recorded confession. DNA from bloodstains in Sublet's car and from the machete found in his car was later identified as Brock and Morris's, with a very small chance of error.

The record also contains evidence that severely undermines Sublet's self–defense claim. In the recording provided to the jury, Sublet stated that on the night of the crime, he went in search of the victims, wearing a camouflage jumper and a "Jason" mask, intending to harm them. Sublet anticipated bloodshed, noting that he wore gloves so he would not get blood on himself. Although Sublet claimed that one of the victims had the machete and tried to attack him with it, he later admitted that the victims were lying down when he first approached them. He

7

recalled that the victims shielded their faces with their hands, as he attacked with the machete.

We hold that Sublet has failed to show a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Lopez*, 343 S.W.3d at 142. Accordingly, we hold that Sublet has failed to satisfy the second prong of an ineffective assistance claim.

## Conclusion

We hold that Sublet has not shown a reasonable probability that any error by his counsel affected the outcome of his trial. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. *See* TEX. R. APP. P. 47.2(b).

8